Carrie L. CHANDLER,
Plaintiff-Appellant,

v.

Thomas A. COUGHLIN, III,
Defendant-Appellee.

No. 738, Docket 84–2322.

United States Court of Appeals,
Second Circuit.

Submitted April 8, 1985.
Decided May 30, 1985.

court dismissed the complaint for failure to state a claim upon which relief may be granted, finding that the limitation was facially reasonable because the State (a) allows inmates to send additional mail at their own expense and (b) in its discretion, may advance inmates credit to send mail in excess of that paid for by the State if they lack the funds to pay such excess postage. On appeal, Chandler contends that the authority relied on by the district court was inapposite and that at least an evidentiary hearing should have been held as to the reasonableness of the limitation and the facts as to the State's exercise of its discretion. We agree that the court did not properly dismiss the complaint for failure to state a claim and we therefore vacate and remand for further proceedings.

### I. BACKGROUND

According to the complaint, filed on behalf of all indigent inmates of New York State correctional institutions who wish to file papers in a court, Chandler was convicted of crimes in state court in 1981 and was given leave by the Appellate Division of the State Supreme Court to appeal in forma pauperis. She was required to file with that court eight copies of her brief on appeal and the transcript of the lower court proceedings. In August 1983, Chandler, then an inmate at the Bedford Hills Correctional Facility ("BHCF"), attempted unsuccessfully to mail these documents at the expense of the State. Pursuant to State policy, she was required to pay the postage of approximately $12 out of her own funds; she had at that time less than $60 in her BHCF institutional account. In January 1984, Chandler prepared a reply brief on her appeal, which she was required to mail at her own expense at a time when she had less than $10 in her BHCF account. She alleged that she anticipated further mailings in pursuit of her state appeal for which the State, pursuant to its policies, would refuse to pay postage.

Chandler alleged that she had filed a petition for habeas corpus in the district court in December 1983 asserting that she

Carrie L. Chandler, pro se.

Robert Abrams, Atty. Gen., State of N.Y., New York City (Howard L. Zwickel, Marla Tepper, Asst. Attys. Gen., New York City on brief), for defendant-appellee.

Before MANSFIELD, KEARSE and PRATT, Circuit Judges.

KEARSE, Circuit Judge:

Plaintiff *pro se* Carrie L. Chandler appeals from a final judgment of the United States District Court for the Southern District of New York, Charles L. Brieant, Jr., *Judge*, dismissing her complaint pursuant to 42 U.S.C. § 1983 (1982) seeking declaratory and injunctive relief against defendant Thomas A. Coughlin, III, as Commissioner of the New York State Department of Correctional Services (hereinafter the "State") on the ground that a State regulation limiting the amount of postage that the State will pay for an inmate in any of its correctional institutions unduly restricts the inmates' access to the courts. The district

had been denied a fair trial in state court and that she anticipated having to make further mailings in support of that petition. She alleged that she also had prepared two actions to be filed in federal court pursuant to 42 U.S.C. § 1983 but that she would be unable to file the required seven copies of her complaints because she would not be able to afford the postage. She alleged that she had been able to file certain papers with the federal court only because other more affluent inmates had lent her money for postage.

The complaint alleged that the State's refusal to pay for Chandler's postage was based on its Department of Correctional Services Directive 4422 entitled "INMATE CORRESPONDENCE PROGRAM" ("Directive 4422"). Paragraph III.D.1. of Directive 4422 limits the amount of free postage to be provided by the State to five one-ounce letters per week; ¶ III.D.3. states that the State will not provide free postage for legal briefs:

1. The Department will provide free regular first class postage for five letters of one ounce or less per letter per week to all inmates.... Inmates may send more than five letters a week, but will be required to pay postage for all correspondence in excess of five letters in any week. Inmates may not accumulate credit for unused postage.

   ....

3. All postage for items such as packages, legal briefs, letters in excess of one ounce, or any other form not covered by Item 1 will be sent at the expense of the inmate....

Quoting the statement of the United States Supreme Court in *Bounds v. Smith,* 430 U.S. 817, 824–25, 97 S.Ct. 1491, 1496, 52 L.Ed.2d 72 (1977), that "[i]t is indisputable that indigent inmates must be provided at state expense with paper and pen to draft legal documents, with notarial services to authenticate them, and with stamps to mail them," the complaint asserted that the State had wrongfully refused to pay the postage for Chandler's state court appeal and that its continued refusal to pay postage would result in a deprivation of her access to the federal court, in violation of her due process right to such access. Chandler moved for a preliminary injunction to prohibit the State from persisting in its refusal.

The State filed an answer in which it asserted, *inter alia,* that the complaint failed to state a claim upon which relief may be granted, and it opposed the motion for a preliminary injunction on grounds stated in an affidavit and a memorandum of law. The State's affidavit of Assistant Attorney General Marla Tepper ("Tepper Affidavit") submitted a copy of Directive 4422 and stated in addition that inmates having insufficient funds to pay postage for legal mail could request an advance in order to mail such documents:

4. Upon information and belief, if an inmate has insufficient funds to mail legal correspondence, the inmate may request an advance. I have spoken to personnel at the facility who informed me that plaintiff presently has a negative balance in her account reflecting that advances have been made to her, albeit not necessarily for legal mail. If plaintiff chooses, she may make a request for an advance for postage and the facility will determine whether she is eligible for an advance based on her spending patterns and the responsibility she has demonstrated with regard to advances.

The district court denied Chandler's motion for a preliminary injunction and dismissed the complaint for failure to state a claim, on the ground that the State's limitations, including its discretionary granting of advances, were facially reasonable. The court's Memorandum and Order, dated September 19, 1984, read as follows:

Plaintiff's motion for a preliminary injunction docketed June 29, 1984 is denied, and the complaint dismissed for failure to state a claim.

An inmate of the New York State correctional system, plaintiff is entitled to a free postage allotment from the state which permits the mailing of five letters

per week. She is required under regulations of the Department of Correctional Services ("DOCS") to pay the actual postage rates imposed by the U.S. Postal Service, for items of mail in excess of that number, and individual items weighing more than one ounce. Such excess postage is charged to her inmate account. Authority and discretion exists [*sic*] at the institution to advance postage even where there is a negative balance in the inmate's account, where undue hardship would ensue.

Plaintiff alleges in this action pursuant to 42 U.S.C. § 1983 that the procedure followed with respect to free mail violates her right of unlimited access to the federal courts, assured by the Constitution. The argument is frivolous and trivializes the Constitution. The amount of free postage paid for by the State is facially reasonable; a vast amount of litigation could be conducted with five first class letters per week. *See generally, Bach v. Coughlin*, 508 F.2d 303, 307 (7th Cir.1974), finding a similar regulation to be reasonable.

The Clerk shall enter a final judgment dismissing the action.

On appeal, Chandler contends that (1) five one-ounce letters per week is insufficient to provide adequate access to the courts, (2) the requirements of due process are not satisfied by the State's discretionary practice of sometimes advancing postage for legal mail, (3) *Bach v. Coughlin* is readily distinguishable from the present case, and (4) the district court erred in dismissing the complaint without an evidentiary hearing. We agree with plaintiff's last two points and remand to the district court for consideration of the first two.

## II. Discussion

We have several difficulties, procedural and substantive, with the district court's dismissal of Chandler's complaint.

### A. *Procedure*

■ First, Fed.R.Civ.P. 12(b)(6) provides that if the court wishes to consider matters outside the complaint in ruling on a motion to dismiss for failure to state a claim, it must treat the motion as one for summary judgment pursuant to Fed.R.Civ.P. 56 and give the nonmoving party an opportunity to present evidence in opposition to the motion. *See, e.g., Goldman v. Belden*, 754 F.2d 1059, 1066 (2d Cir.1985); *Grand Union Co. v. Cord Meyer Development Corp.*, 735 F.2d 714, 716–17 (2d Cir.1984) (per curiam). Here, although the district court stated that it was dismissing the complaint for failure to state a claim, it relied on information presented only in the Tepper Affidavit, basing its dismissal in large part on the existence of the correctional authorities' "discretion ... to advance postage even where there is a negative balance in the inmate's account, where undue hardship would ensue."

The Tepper Affidavit was submitted to the court in support of the State's opposition to Chandler's motion for a preliminary injunction, and Chandler responded to it on that basis. There is no indication in the record, however, that the court advised Chandler that it would accept as true the statements set forth in the Tepper Affidavit in ruling on the motion to dismiss the complaint. Thus, we conclude that Chandler was denied the opportunity to present controverting or enlightening evidence as to the State's exercise of its discretion—perhaps to submit affidavits of other indigent inmates that might show the existence of a genuine issue of fact as to whether they have arbitrarily been denied advances for the mailing of legal materials to the courts.

■ Second, the Tepper Affidavit is at once second-hand and factually sparse, and had the State formally moved for summary judgment, the affidavit should not have been deemed sufficient to warrant the granting of that motion. Rule 56(e) provides that

Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is compe-

tent to testify to the matters stated therein.

The Tepper Affidavit's description of the State's discretion to grant an inmate an advance for postage, set forth in full in Part I above, was stated to be "[u]pon information and belief" and appears to contain no first-hand information. It did not comply with Rule 56(e).

■ Further, even if the Tepper Affidavit had been based on Tepper's first-hand knowledge, its substance would not justify the entry of summary judgment. As discussed in Part II.B. below, there is no indication of the rationale for some of Directive 4422's restrictiveness. Further, the Affidavit's only suggestion that the State has formulated any guidelines to inform the exercise of its discretion to make advances is the bare statement that "the facility will determine whether [an inmate] is eligible for an advance based on her spending patterns and the responsibility she has demonstrated with regard to advances." This statement provides insufficient substance or information to permit us to infer whether the State's discretion is exercised reasonably or arbitrarily. Though the Memorandum and Order of the district court seems to suggest that the State's discretion is exercised to grant the inmate an advance "where undue hardship would ensue," that suggestion goes beyond what is found in the Tepper Affidavit.

### B. *Due Process*

■ As a matter of due process, prisoners must be afforded access to the courts "in order to challenge unlawful convictions and to seek redress for violations of their constitutional rights." *Procunier v. Martinez,* 416 U.S. 396, 419, 94 S.Ct. 1800, 1814, 40 L.Ed.2d 224 (1974); *see Johnson v. Avery,* 393 U.S. 483, 485–87, 89 S.Ct. 747, 748–749, 21 L.Ed.2d 718 (1969). "Regulations and practices that unjustifiably obstruct ... the right of access to the courts are invalid." *Procunier v. Martinez,* 416 U.S. at 419, 94 S.Ct. at 1814. In *Bounds v. Smith,* the Supreme Court, in considering to what extent the State was required to

provide inmates with law libraries, stated that "[t]he inquiry is ... whether law libraries or other forms of legal assistance are needed to give prisoners a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts," 430 U.S. at 825, 97 S.Ct. at 1496, and observed that " 'meaningful access' to the courts is the touchstone," *id.* at 823, 97 S.Ct. at 1495 (quoting *Ross v. Moffitt,* 417 U.S. 600, 611, 612, 615, 94 S.Ct. 2437, 2444, 2446, 41 L.Ed.2d 341 (1974)).

In its opinion in *Bounds,* the Court also stated that "[i]t is indisputable that indigent inmates must be provided at state expense with paper and pen to draft legal documents ... and with stamps to mail them." 430 U.S. at 824–25, 97 S.Ct. at 1496. Although this statement itself was unqualified, we do not read it as requiring that the indigent inmate be provided unlimited free postage, but only that he not be denied "a reasonably adequate" (*id.* at 825, 97 S.Ct. at 1496) amount of postage to present his claimed violations of fundamental constitutional rights to the courts. *Accord Twyman v. Crisp,* 584 F.2d 352, 359 (10th Cir.1978) (per curiam); *Guajardo v. Estelle,* 580 F.2d 748, 762–63 (5th Cir.1978); *Bach v. Coughlin,* 508 F.2d at 307. Thus, a state is entitled to adopt reasonable postage regulations in light of, for example, prison budgetary considerations. *Id.* at 307–08; *cf. Bounds v. Smith,* 430 U.S. at 825, 97 S.Ct. at 1496 (Court's determination that adequate library facilities must be provided was "not to say that economic factors may not be considered ... in choosing the methods used to provide meaningful access").

The question here is whether the restrictions imposed by the State's Directive 4422 are reasonable. The district court found Directive 4422 "facially reasonable," citing its similarity to the regulation found reasonable in *Bach v. Coughlin.* Although Directive 4422 is in some respects similar to the regulation in *Bach,* the differences are sufficiently great that the decision in *Bach* cannot justify a judgment of dismis-

sal as a matter of law here. In *Bach,* the regulation at issue not only provided that the inmate could send at state expense three one-ounce letters per week to legislative officials or to his attorneys, it also "provided free and unlimited postage for correspondence with federal and state courts and the Department of Corrections." *Id.* at 307. In the present case, in contrast, Directive 4422 expressly provides, *inter alia,* that the State will not pay postage for any legal briefs. The approval of a regulation that expressly provides that the State will provide postage for communications to the courts hardly seems adequate precedent for the approval of a regulation that expressly provides that the State will not provide postage for legal briefs.

Indeed, we think Directive 4422 on its face raises questions as to the State's regulation. If the restrictions set forth in Directive 4422 are based on budgetary constraints, it is not apparent why an inmate may send five one-ounce letters per week at state expense but may not accumulate credit for unused postage or send one five-ounce document in a week in which he mails nothing else. If there is some other rationale for this restriction, there is no indication of it in the record. The record is also silent as to any rational basis for the blanket refusal to pay postage for any legal brief, even one that weighs less than one ounce. Further, the Directive provides that although the State will pay postage for five one-ounce "letters" per week, it will not pay postage for items in "any other form." Thus, if a one-ounce motion addressed to a court were presented for mailing, it appears that the State would refuse to pay postage for it because it is not in the form of a letter. Such a formal distinction seems on its face arbitrary. We doubt that these questions as to the reasonableness of Directive 4422 are susceptible to resolution against the plaintiff on summary judgment, and they are among those that remain to be answered.

### CONCLUSION

The judgment of the district court dismissing the complaint is vacated and the matter is remanded for further proceedings not inconsistent with this opinion. Costs to appellant.