**Dennis P. GLICK, Appellant,**

v.

**A.L. LOCKHART, Director, and James R. Long, Employee, Tucker Unit, Arkansas Department of Correction, Appellees.**

No. 84–2005.

United States Court of Appeals, Eighth Circuit.

Submitted June 13, 1985.

Decided July 23, 1985.

Rehearing and Rehearing En Banc Denied Sept. 3, 1985.

T. Martin Davis, Little Rock, Ark., for appellant.

A. Carter Hardage, Asst. Atty. Gen., Little Rock, Ark., for appellees.

Before McMILLIAN and ARNOLD, Circuit Judges, and SACHS,* District Judge.

ARNOLD, Circuit Judge.

Dennis P. Glick, an inmate of the Arkansas Department of Correction, brings this

---

* The Hon. Howard F. Sachs, United States District Judge for the Western District of Missouri, sitting by designation.

lawsuit under 42 U.S.C. § 1983, arguing that prison officials violated his constitutional right of access to the courts when they refused to provide postage for two items of legal mail. The District Court[1] dismissed the complaint on the grounds that Glick did not have a right to unlimited free access to the mails and that Glick failed to show how he was harmed. We affirm.

On January 30, 1984, Glick brought two pieces of mail to the prison store for mailing: a letter without postage containing legal correspondence and a personal letter with postage. The letter without postage was marked "no funds" and was addressed to the Clerk of the Circuit Court of Jefferson County, Arkansas. It contained a request for a trial transcript in connection with Glick's appeal of his state-court conviction. On this appeal, Glick was represented by appointed counsel. A prison official later that day informed Glick that postage would not be provided for the legal correspondence, since it was a prison policy not to provide postage for legal mail when an inmate was able to provide postage for his personal mail. On the next day, Glick attempted again to mail another letter without a stamp to the same Clerk, and a prison official returned the letter for the same reason given the previous day.

Four days later Glick talked with the Assistant Warden about the prison policy of providing postage for his legal mail when he had no funds in his personal account. According to Glick, the Assistant Warden granted him permission to obtain postage for his legal mail provided he did not send out personal mail at the same time at his own expense.

 Glick contends that the refusal to pay postage for the two letters violated his constitutional right of access to the courts. We disagree. The prison's policy of refusing to pay postage for legal mail when an inmate simultaneously pays his own postage for personal letters does not unrea-

sonably restrict an inmate's access to the courts. This policy falls within the "wide discretion" that prison administrators may exercise in determining the means and conditions of access to legal resources. See *Bounds v. Smith,* 430 U.S. 817, 833, 97 S.Ct. 1491, 1500, 52 L.Ed.2d 72 (1977). Although here a prison official refused to mail the second letter at state expense at a time when Glick may not have been able to provide any postage, just four days later the Assistant Warden granted permission for the letter to be mailed at state expense. This four-day delay, which did not cause Glick to miss any court deadline, is constitutionally insignificant. Furthermore, prison authorities can satisfy their constitutional obligation to ensure prisoners' access to the courts in a variety of ways, including the provision of "[i]ndependent legal advisors," *id.* at 831, 97 S.Ct. at 1499. "[A] legal access program need not include any particular element," *id.* at 832, 97 S.Ct. at 1500, so long as some meaningful method of gaining access to the courts is provided. Here, as we have noted, Glick was represented by appointed counsel on his appeal. This lawyer, provided by the State at no cost to him, was fully capable of obtaining whatever transcript Glick needed, and of communicating Glick's position to the courts.

Glick has also been represented by appointed counsel on this appeal, and we are grateful to counsel for his services.

Affirmed.

---

**1.** The Hon. George Howard, Jr., United States District Judge for the Eastern and Western Districts of Arkansas.