Donald L. JONES, Plaintiff-Appellant,

v.

Harold J. SMITH, Superintendent, Attica Correctional Facility; Captain Patricia O'Connor; and Gary Cousins, Defendants-Appellees.

Milton PAYNE, Plaintiff-Appellant,

v.

T.A. COUGHLIN, III, Commissioner, Department of Correctional Services, J. Wasser, Commissioner, State Commission of Correction, Charles Scully, Superintendent, Green Haven Correctional Facility (GHCF), Deputy Superintendent Capuano, (GHCF), Sgt. Holt, (GHCF), and other Correctional Personnel to be named with the onset of this action, Defendants-Appellees.

Nos. 661, 554, Docket 85–2047, 85–2244.

United States Court of Appeals,
Second Circuit.

Argued Jan. 9, 1986.

Decided Feb. 20, 1986.

Jeffrey D. Buss, New York City (Buss & Wynn, New York City, of counsel), for plaintiff-appellant Jones.

Patrick Barnett-Mulligan, Asst. Atty. Gen. of N.Y. (Robert Abrams, Atty. Gen. of N.Y., Robert Hermann, Sol. Gen., Nancy A. Spiegel, Asst. Atty. Gen., of counsel), for defendants-appellees Smith, O'Connor, and Cousins.

Milton Payne, pro se.

Robert Abrams, Atty. Gen. of N.Y. (O. Peter Sherwood, Deputy Sol. Gen., Lillian Z. Cohen, Asst. Atty. Gen., of counsel), for defendants-appellees Coughlin, et al.

Before FEINBERG, Chief Judge, VAN GRAAFEILAND, and PRATT, Circuit Judges.

GEORGE C. PRATT, Circuit Judge:

These two appeals have been consolidated by this court *sua sponte* pursuant to Fed.R.App.P. 3(b) for purposes of this opinion. In one of the appeals, *Jones v. Smith, et al.*, we granted Jones leave to appeal *in forma pauperis* in three of sixteen separate actions brought under 42 U.S.C. § 1983 to challenge various aspects of the conditions of his prison confinement. All of the complaints had been dismissed by the United States District Court for the Western District of New York. Jones's three actions that we address here are brought respectively against defendant Smith, who is Superintendent of the Attica Correctional Facility, defendant O'Connor, who was the presiding officer at Jones's prison disciplinary hearing, and defendant Cousins, who is in charge of the mail room at Attica. We note that Jones's action against Smith was also nominally brought against Thomas A. Coughlin, III, as New York State Commissioner of Corrections. However, Jones's allegations in that complaint refer to only Smith, and, therefore, we deem the complaint to be brought against only Smith. In the other appeal, *Payne v. Coughlin*, Payne appeals from a judgment of the United States District Court for the Southern District of New York dismissing his complaint against various prison officials.

Both Jones and Payne are currently incarcerated in the New York State prison system. Both are prolific *pro se* litigators. Here, they separately challenge the New York Department of Correctional Services's directive 4422, which regulates, among other things, the amount and type of free prisoner mail. They assert that directive 4422 denies them their constitutional right of access to the courts, as that right was construed in *Bounds v. Smith*, 430 U.S. 817, 828, 97 S.Ct. 1491, 1498, 52 L.Ed.2d 72 (1977). Appellants' claims were summarily dismissed by their respective district courts. Because substantial questions concerning directive 4422 remain to be answered in light of our remand in *Chandler v. Coughlin*, 763 F.2d 110 (2d Cir.1985), we remand appellants' directive 4422 claims to their respective district courts for further proceedings. The dismissals in *Jones v. Smith*, W.D. Docket No. CIV–83–1287, and *Jones v. O'Connor*, W.D. Docket No. CIV–84–1149, are affirmed.

## DISCUSSION

### A. The Directive 4422 Claims

In May 1985 a panel of this court remanded *Chandler v. Coughlin*, 763 F.2d 110, 115 (2d Cir.1985), to the United States District Court for the Southern District of New York to consider Chandler's allegations, which had been dismissed on summary judgment, that directive 4422 of the New York State Department of Correctional Services, known as the Inmate Correspondence Program, violated her right of access to the courts. Under paragraph III.D. of directive 4422:

> 1. The Department will provide free regular first class postage for five letters of one ounce or less per letter per week to all inmates. * * * Inmates may send more than five letters a week, but will be required to pay postage for all correspondence in excess of five letters in any week. Inmates may not accumulate credit for unused postage.
>
>     *    *    *    *    *    *
>
> 3. All postage for items such as packages, legal briefs, letters in excess of one ounce, or any other form not covered by Item 1 will be sent at the expense of the inmate. * * *

*Chandler*, 763 F.2d at 112. Following remand, *Chandler* was reassigned within the southern district to Thomas P. Griesa, *Judge*.

In the instant appeals we are presented with similar challenges to directive 4422. Pursuant to Fed.R.App.P. 3(b), we have consolidated these appeals for purposes of this decision. In *Payne v. Coughlin*, the United States District Court

for the Southern District of New York, Robert L. Carter, *Judge*, adopting the recommendation of Magistrate Tyler, granted defendant Coughlin's motion for summary judgment. In *Jones v. Cousins*, W.D. Docket No. CIV–84–677, the United States District Court for the Western District of New York, Michael A. Telesca, *Judge*, dismissed plaintiff's claim *sua sponte* under Fed.R.Civ.P. 12(b)(6) for failure to state a claim. However, as we stated in *Chandler*, "[w]e doubt that * * * questions as to the reasonableness of Directive 4422 are susceptible to resolution against the plaintiff on summary judgment", 763 F.2d at 115; we therefore remand both of these actions so that plaintiffs' substantive claims with respect to directive 4422 may be properly addressed.

Given the volume of prisoner litigation in our courts, claims alleging denial of access to the courts due to directive 4422 will undoubtedly multiply until this issue is resolved. Indeed, Jones has called our attention to yet another case of his that is also pending in the Western District of New York, *Jones v. Passomonte*, W.D. Docket No. CIV–84–963, which he asserts raises this same issue. Therefore, in the interest of judicial economy and in the hope of avoiding repetitive and potentially conflicting dispositions of this important matter, we suggest, without ordering, that the parties and the district judges handling these cases cooperate in obtaining a prompt, definitive disposition of this issue. Among the possible courses of action that might be considered are class action certification in one of the cases, transfer and consolidation of cases, and appropriate stays in some actions pending disposition elsewhere of the directive 4422 issue.

The questions presented by these cases make them potential candidates for treatment through a class action under Fed.R. Civ.P. 23. Although not yet certified as a class action, the complaint in *Chandler* was "filed on behalf of all indigent inmates of New York State correctional institutions who wish to file papers in a court". 763 F.2d at 111.

Efficiency might also be achieved by transfer pursuant to 28 U.S.C. § 1404. Two of these cases, *Chandler* and *Payne*, are pending in the Southern District of New York, and two, *Jones v. Cousins* and *Jones v. Passomonte*, in the Western District of New York. If transferred and consolidated before one judge, a single determination could be made simultaneously disposing of all four cases.

In addition to class action treatment or transfer, some of the actions might be stayed while another was pursued to judgment, thereby providing the judge in the stayed actions the benefit of the determination in the action that proceeds. It is not for this court to decide how best to process these actions; that is uniquely a problem for the district courts. We trust that the responsible district judges, with the cooperation of the parties, will exercise a firm hand in managing these cases so that the central issue, the validity of directive 4422, may be efficiently resolved.

## B. *Jones's Other Claims*

Jones's actions against Captain O'Connor and Superintendent Smith were properly dismissed. In *O'Connor*, Jones alleged that O'Connor, a corrections official at Attica, violated his rights under the eighth amendment, his right to access to the courts, and his right to due process of law, all by ordering that he be confined in the Special Housing Unit (SHU) following a hearing in which he was charged with violating prison rules. Jones's eighth amendment claim was based on allegations that he was denied prescribed therapy for a back injury while in SHU, and his denial of access to the courts claim was based on allegations that he was not permitted to have legal advance sheets to read while in SHU. Additionally, he alleged that his right to due process was violated because he was placed in SHU in retaliation for his litigious conduct toward prison officials.

The district court dismissed Jones's eighth amendment claim on the ground that, given his constant declinations to be treated by prison doctors, failure to

treat his back was at best a question of malpractice, which, under *Estelle v. Gamble,* 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976), did not rise to the "deliberate indifference to serious medical needs" necessary to state an eighth amendment claim. Jones's denial of access claim against O'Connor was dismissed because, in light of the short confinement in SHU arguably attributable to O'Connor—30 days—any denial of access was *de minimis.*

We affirm the dismissal of Jones's action against O'Connor and note in addition to the grounds relied upon by the district court that O'Connor is the wrong defendant here because, as the officer presiding over the prison disciplinary proceeding against Jones, she was not the official responsible for the conditions in, or the operating policies of, SHU. Moreover, Jones has not indicated how his right to due process of law was violated in the conduct of the prison disciplinary proceeding.

Jones's action against Superintendent Smith challenged the constitutionality of the postage-due-mail policy at Attica. He sought damages, as well as declaratory and injunctive relief, based on alleged denials of due process and access to the courts because prison policy required that postage-due mail be returned to the sender without notice to the prisoner. Further, Jones contended that other prison facilities that were supposed to forward mail to a transferred prisoner would not forward postage-due mail to Attica in light of the policy there, and that postage-due mail would subsequently be stolen, lost, or destroyed.

Smith sought to have Jones's claim dismissed under *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), claiming that Jones had an adequate post-deprivation remedy under state law for the loss of his property. The district court rejected Smith's *Parratt* analysis because Jones was not seeking redress for lost property, but was challenging a policy he claimed violated his constitutional rights. Nevertheless, the court dismissed the ac-

tion, stating that the postage-due-mail policy was only a minor infringement on Jones's rights, given the needs of prison administration.

■ We agree with the district court that *Parratt* is not apposite here, but hold that Jones's damage claim against Superintendent Smith is barred by the eleventh amendment. Any deprivation suffered here was not the result of Smith's random unauthorized acts, *see Parratt,* 451 U.S. at 541, 101 S.Ct. at 1916, but, rather, resulted from a policy of the state, *see Logan v. Zimmerman Brush Co.,* 455 U.S. 422, 435–36, 102 S.Ct. 1148, 1157–58, 71 L.Ed.2d 265 (1982). The action against Smith is therefore brought against him in his official capacity, *see Kentucky v. Graham,* —— U.S. ——, 105 S.Ct. 3099, 3106, 87 L.Ed.2d 114 (1985); *Brandon v. Holt,* —— U.S. ——, 105 S.Ct. 873, 878, 83 L.Ed.2d 878 (1985), and, as the state would eventually have to pay any damages awarded, the suit is barred by the eleventh amendment, *see Edelman v. Jordan,* 415 U.S. 651, 675–77, 94 S.Ct. 1347, 1361–62, 39 L.Ed.2d 662 (1974).

In addition, Jones's request for injunctive relief against Smith, although not barred by the eleventh amendment, *see Ex parte Young,* 209 U.S. 123, 155–56, 159, 28 S.Ct. 441, 452, 453, 52 L.Ed. 714 (1908), has been rendered moot by a new postage-due-mail policy now in effect that redresses the shortcomings of the prior policy. Lastly, Jones's request for declaratory relief cannot withstand eleventh amendment scrutiny in the absence of any continuing violation of federal law. *See Green v. Mansour,* —— U.S. ——, 106 S.Ct. 423, 428, 88 L.Ed.2d 371 (1985); *see also* Schwartz, *Analyses of Three Eleventh Amendment Cases,* N.Y.L.J. Jan. 22, 1986, at 16, col. 3. Thus, we affirm the dismissal of Jones's claim against Superintendent Smith.

## CONCLUSION

In both *Payne v. Coughlin* and *Jones v. Cousins* plaintiffs' claims of denial of access to the courts due to directive 4422 are remanded to the district court for further

proceedings in accordance with *Chandler v. Coughlin,* 763 F.2d 110 (2d Cir.1985), and this opinion. The judgments dismissing the complaints in *Jones v. O'Connor* and *Jones v. Smith* are affirmed.