**Darius GITTENS, Plaintiff–Appellant,**

v.

**James E. SULLIVAN, Superintendent, and Thomas Coughlin, Commissioner, Defendants–Appellees.**

No. 1177, Docket 87–2499.

United States Court of Appeals, Second Circuit.

Submitted May 31, 1988.

Decided June 7, 1988.

Darius Gittens, pro se.

Peter A. Durfee, Asst. Atty. Gen. of the State of N.Y., New York City (Robert Abrams, Atty. Gen. of the State of N.Y., Howard L. Zwickel, Asst. Atty. Gen., of counsel), for defendants-appellees.

Before FEINBERG, Chief Judge, and LUMBARD and MINER, Circuit Judges.

**390**

PER CURIAM:

Darius Gittens appeals from a judgment of the United States District Court for the Southern District of New York, Edward Weinfeld, J., granting defendants' motion for summary judgment in an action by Gittens, a pro se prisoner, against the Superintendent of the Sing Sing Correctional Facility and the Commissioner of the New York State Department of Correctional Services. Gittens alleges that New York's policy of denying prisoners free access to photocopy machines and unlimited free mailings deprived him of his constitutional right of meaningful access to the courts. He also claims that the district court abused its discretion by not permitting him to amend his complaint to set forth additional allegations of a denial of access to the courts. We disagree. The judgment of the district court is affirmed substantially for the reasons stated in Judge Weinfeld's opinion, dated September 28, 1987, and reported at 670 F.Supp. 119 (S.D.N.Y. 1987).

In two previous cases we remanded challenges to Directive 4422 of the New York State Department of Correctional Services—which governs the allocation of free postage stamps to inmates—for further proceedings as to whether the directive as then formulated satisfied the constitutional minimum for access to the courts. See *Jones v. Smith*, 784 F.2d 149, 150–51 (2d Cir.1986); *Chandler v. Coughlin*, 763 F.2d 110, 115 (2d Cir.1985). In *Chandler*, we concluded that a state is entitled to adopt reasonable regulations governing the allocation of free postage to prisoners in light of prison budgetary considerations, but remanded the case for a consideration of whether the regulations as then drafted were reasonable. In *Jones*, we were presented with a similar challenge to Directive 4422, and we again remanded the matter, indicating that the reasonableness of the directive was not susceptible to resolution on a motion for summary judgment and suggesting that the then pending challenges to the directive in the district courts be consolidated.

We are now told by appellees that Directive 4422 was revised in June 1986 in light of our opinion in *Chandler* and that the new directive is now the subject of proceedings on remand in *Chandler*. It is apparently the application of the new directive which Gittens challenges here. On the facts before us in this case, we agree with Judge Weinfeld that appellees were entitled to summary judgment that Gittens was not denied meaningful access to the courts. The record establishes that appellees not only provided Gittens with $1.10 per week for stamps, but also provided him with an additional advance of at least $36 for postage for legal mail. And, as Judge Weinfeld noted, "[t]he number of actions filed by the plaintiff as well as the avalanche of papers submitted by plaintiff in the instant suit indicate that the procedures followed by the defendants have been sufficient to provide plaintiff with meaningful access to the courts." 670 F.Supp. at 123.

We have considered all of appellant's contentions and find them to be without merit. The judgment of the district court is affirmed.