978 F.2d 1266
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Leon R. RATTLER, Plaintiff-Appellant,
v.
William GASPAR, Warden, Deputy Warden; Roger Crist, Warden;
William Complex, Librarian, Defendants-Appellees.
 Nos. 90-16025, 91-15506.
 United States Court of Appeals, Ninth Circuit.
 Nov. 10, 1992.*
 
 Before SCHROEDER, FLETCHER and PREGERSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Leon Rattler, an Arizona state prisoner, appeals pro se the district court's partial dismissal for failure to state a claim and partial grant of summary judgment in his 42 U.S.C. § 1983 action against various Arizona prison officials. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the district court's dismissal for failure to state a claim de novo, Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (1989), cert. denied, 496 U.S. 937 (1990). We review de novo the district court's grant of summary judgment. Id. We affirm.
 
 
 3
 * Background
 
 
 4
 Rattler filed a civil rights complaint against various Arizona prison officials alleging that (1) he was denied his right to appointment to a position of inmate legal assistant, (2) he was denied access to the courts because of a mail delay, (3) he was denied access to the courts because of the restrictive policies of the prison law library, and (4) the prison officials violated an order issued by Judge Muecke. On the prison officials' motion, the district court dismissed the first two claims for failure to state a claim.
 
 
 5
 The district court received evidence on Rattler's claims involving the prison law library. After providing evidence relating to these claims, the prison officials moved for dismissal. Rattler opposed the motion and provided evidence in opposition. The district court treated the motion to dismiss as a motion for summary judgment, see Fort Vancouver Plywood Co. v. United States, 747 F.2d 547, 552 (9th Cir.1984), and granted summary judgment for the prison officials. Rattler timely appealed.
 
 II
 Inmate Legal Assistant
 
 6
 Rattler contends the prison officials violated his constitutional rights because he applied for but was denied the position of inmate legal assistant. This contention lacks merit.
 
 
 7
 An inmate does not have a constitutional right to work. Baumann v. Arizona Dep't of Corrections, 754 F.2d 841, 845 (9th Cir.1985). Under Arizona law, the employment of prisoners is left to the discretion of prison officials. See Ariz.Rev.Stat.Ann. § 31-251. As such, Arizona has not created a constitutionally protected right to a prison job. See Baumann, 754 F.2d at 844 (citing Hewitt v. Helms, 459 U.S. 460, 470-71 (1983)).
 
 
 8
 Here, Rattler's complaint alleged the prison officials violated his constitutional rights by denying his application for the position of inmate legal assistant. Because Rattler did not have a constitutional right to a prison job and has not contended that he was denied the position for any impermissible reason, the district court correctly dismissed this claim.[1] See Baumann, 754 F.2d at 844.
 
 III
 Mail
 
 9
 Rattler contends the district court erred by dismissing his claim that the prison officials violated his right of access to the courts by causing one of his legal motions from another lawsuit to be delayed for four days.[2] This contention lacks merit.
 
 
 10
 If a claim of denial of access to the courts does not involve one of the core requirements discussed in Bounds v. Smith, 430 U.S. 817 (1977), i.e., adequate law library or legal assistance, then the plaintiff must allege actual injury to state a claim. Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir.1989). Actual injury involves some specific instance in which an inmate actually was denied access to the courts. Id.
 
 
 11
 Here, Rattler alleged the prison officials caused one of his motions to be delayed for four days and that such delay "could adversely affect the outcome" of his or other inmates' cases. Nevertheless, because he did not allege any injury from this delay, Rattler failed to state a claim for denial of access to the courts. See Vigliotto v. Terry, 873 F.2d 1201, 1202 (9th Cir.1989) (confiscation of legal materials for three-day period did not amount to a deprivation of access to the courts). Further, Rattler lacked standing to bring this claim with regard to other inmates' cases. See Rakas v. Illinois, 439 U.S. 128, 139 (1978). Thus, the district court properly dismissed this claim. See Vigliotto, 873 F.2d at 1202.
 
 IV
 Law Library
 A. Transfer of Law Books
 
 12
 Rattler contends the district court erred by granting summary judgment because the prison's transfer of legal books, which resulted in a one-month delay in obtaining certain volumes of legal material, deprived him of access to the courts. This contention lacks merit.
 
 
 13
 Prison authorities must provide inmates with "meaningful access" to the courts. Bounds, 430 U.S. at 822. Meaningful access requires prison authorities to provide "adequate law libraries or adequate assistance from persons trained in the law." Id. at 828. Prisons are not required, however, to provide the maximum or even the optimal level of access. See Johnson v. Moore, 948 F.2d 517, 521 (9th Cir.1991); Lindquist v. Idaho State Bd. of Corrections, 776 F.2d 851, 856 (9th Cir.1985). The prison must provide access to a library that meets minimum constitutional standards. Sands, 886 F.2d at 1169. An inmate can prove he was denied access to the courts by showing that (1) the omission of law books was substantial, (2) equivalent information was not available through alternative sources, or (3) the omission in some way obstructed the inmate's access to the courts. See Johnson, 948 F.2d at 521.
 
 
 14
 Here, during a transfer of certain law books between the Santa Rita law library and the Central HUB law library, there was a one-month delay in obtaining certain replacement volumes. Nevertheless, the delay was de minimis and, therefore, did not amount to a constitutional deprivation. See id. Accord Jones v. Smith, 784 F.2d 149, 152 (2d Cir.1986) (deprivation of access to law library during a 30-day confinement de minimis and not of constitutional dimension). Moreover, Rattler failed to demonstrate that the delay handicapped his access to the courts. See Johnson, 948 F.2d at 521. Thus, the district court correctly granted summary judgment on this claim. See id.
 
 B. Library Access
 
 15
 Rattler contends that the restrictive policies of the Santa Rita law library in the Arizona State Prison Complex in Tucson violated his right to access to the courts. This contention lacks merit.
 
 
 16
 "Although prison officials may not obstruct a prisoner's access to the courts by unreasonably blocking his access to a law library, prison officials may place reasonable limitations on library access in the interest of the secure and orderly operation of the institution." Oltarzewski v. Ruggiero, 830 F.2d 136, 138 (9th Cir.1987). See also Lindquist, 776 F.2d at 858 ("[p]rison officials of necessity must regulate the time, manner, and place in which library facilities are used," which may mean that inmate must wait to use the library).
 
 
 17
 Here, the Santa Rita library was open 27 hours per week, and the library hours included mornings, afternoon, evenings, weekdays, and weekends. These library hours were reasonable. See Lindquist, 776 F.2d at 858. Additionally, inmates needing legal volumes unavailable at the Santa Rita law library were able to travel to the Central HUB library within 24 hours of a request to do so. Such procedures were reasonable restrictions on access. See Toussaint v. McCarthy, 801 F.2d 1080, 1109-10 (9th Cir.1986), cert. denied, 481 U.S. 1069 (1987). Because the prison officials presented evidence that inmates had reasonable library access and Rattler failed to demonstrate that such access was inadequate, summary judgment on this claim was proper. See id.
 
 C. Muecke List
 
 18
 Rattler contends the prison officials violated his constitutional rights by disobeying the "Muecke list" of required law books. This contention lacks merit.
 
 
 19
 Contrary to Rattler's assertions, the Arizona State Prison Complex in Tucson was not required by Wilkinson v. McDougall, CIV 81-1397-PHX-CAM, to satisfy the "Muecke list" because the legal reference volumes listed in McDougall were made applicable only to the Central Unit Law Library in Florence, Arizona.[3] Therefore, the district court properly granted summary judgment on this claim. See Johnson, 948 F.2d at 521.
 
 
 20
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court need not grant a pro se litigant leave to amend a deficient complaint where the deficiencies clearly could not be cured by amendment. Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987). Here, the district court dismissed only the claims whose deficiencies could not be cured by amendment
 
 
 [2]
 Rattler contends for the first time on appeal that the mail delay violated his first amendment rights. As a general rule, this court will not consider issues raised for the first time on appeal. See Animal Protection Inst. v. Hodel, 860 F.2d 920, 927 (9th Cir.1988) (court does not consider issue first raised on appeal unless it is purely legal and requires no additional record development, or there is clear error or manifest injustice). Because Rattler has not demonstrated circumstances warranting review of this issue, we will not address his first amendment claim. See id
 
 
 [3]
 Moreover, the evidence shows that the Arizona State Prison Complex in Tucson fully satisfied the Muecke list. Rattler's bare allegations of missing legal volumes, in light of the prison's comprehensive list of available volumes, failed to establish a constitutional violation