76 F.3d 378
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Napoleon HARTSFIELD, Plaintiff-Appellant,
v.
Robert J. MAYER, et al., Defendants-Appellees.
 No. 95-1411.
 United States Court of Appeals, Sixth Circuit.
 Feb. 1, 1996.
 
 Before: MARTIN, GUY and RYAN, Circuit Judges.
 
 ORDER
 
 1
 Napoleon Hartsfield, a pro se Michigan prisoner, appeals a district court judgment dismissing his civil rights complaint filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary and injunctive relief, Hartsfield originally sued five officials and employees of Baraga Maximum Correctional Facility (Baraga) in their individual and official capacities. He alleged that defendant Beesley engaged in frequent harassment of him and that the defendants conspired to place him on a series of upper food slot restrictions and nutra-loaf diets without justification or hearings. He further alleged that defendants Cole and Mayer placed him on modified grievance access in violation of his First Amendment rights. In a supplemental complaint, Hartsfield added twelve defendants and an allegation of inadequate psychiatric care. In a second supplemental complaint, he added two more defendants and a claim that defendant Morrow denied him access to the courts through Morrow's alleged failure to provide him with an adequate supply of paper with which to prosecute his multiple court cases.
 
 
 3
 In a report filed on February 3, 1995, a magistrate judge recommended that the defendants' motion for summary judgment be granted. Because Hartsfield had since been transferred from Baraga to Marquette Branch Prison, the magistrate judge determined that the claims for injunctive relief were moot. He further concluded that Hartsfield's remaining issues were meritless. Hartsfield timely filed objections to the magistrate judge's report, but the district court adopted the magistrate judge's report, granted the defendants' motion for summary judgment, and dismissed Hartsfield's action in a memorandum opinion and order filed on March 29, 1995. A separate judgment was filed and entered the same day.
 
 
 4
 On appeal, Hartsfield continues to argue the merits of his claims. In addition, he complains that the magistrate judge failed to address his conspiracy claim or to consider the inmate affidavits he submitted. He further argues that summary judgment was precluded by a number of facts which remained in dispute. Hartsfield has filed a motion for the appointment of counsel on appeal.
 
 
 5
 Upon review, we affirm the district court's judgment for the reasons stated by the magistrate judge as adopted by the district court and also because, pursuant to the recent Supreme Court decision in Sandin v. Conner, 115 S.Ct. 2293 (1995), Hartsfield has no constitutionally-protected liberty interest in remaining off of upper food slot restriction or a nutra-loaf diet. Summary judgment is appropriate where the record establishes that there is no genuine issue as to any material fact and the defendants are entitled to judgment as a matter of law. See Fed.R.Civ.P. 56(c). City Mgmt Corp. v. U.S. Chemical Co., 43 F.3d 244, 250 (6th Cir.1994).
 
 
 6
 Initially, the minor factual disputes identified by Hartsfield in his objections to the magistrate judge's report and on appeal do not preclude a grant of summary judgment in this case. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The factual disputes cited by Hartsfield do not affect the outcome of his suit under governing law.
 
 
 7
 Hartsfield spent the major portion of his extensive filings in complaining about what he described as a "pattern of harassment" by defendant Beesley. The magistrate judge properly concluded that, even if Beesley did the acts alleged by Hartsfield, those acts are not cognizable under § 1983. Allegations of verbal abuse and harassment by prison officials toward an inmate do not constitute punishment within the meaning of the Eighth Amendment. See Ivey v. Wilson, 832 F.2d 950, 954-55 (6th Cir.1987) (per curiam). Even the occasional or sporadic use of racial slurs, although unprofessional and reprehensible, does not rise to a level of constitutional magnitude. See Torres v. County of Oakland, 758 F.2d 147, 152 (6th Cir.1985).
 
 
 8
 Hartsfield next argues that he was placed on upper food slot restrictions and nutra-loaf diets in violation of his Fourteenth Amendment right to due process. The unrebutted evidence establishes that the defendants' actions in placing Hartsfield on restrictions were not arbitrary. In any event, Hartsfield enjoys no constitutional or state-created right to be free from upper food slot restrictions and nutra-loaf which would trigger Fourteenth Amendment protections. Since the district court's judgment in this case, the Supreme Court has held that state created liberty interests "will generally be limited to freedom from restraint which ... imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 115 S.Ct. at 2300; see also Rimmer-Bey v. Brown, 62 F.3d 789, 790-91 (6th Cir.1995). The deprivations of which Hartsfield complains are not atypical and significant hardships for administrative segregation prisoners who have engaged in misconduct. To the extent that Hartsfield alleges an Eighth Amendment violation because his food is passed through the same bottom food slot that cleaning supplies are passed, his claim must also fail for the reason stated by the district court.
 
 
 9
 Hartsfield also alleges that he received inadequate psychiatric care, in violation of the Eighth Amendment, when defendant Conklin did not correctly diagnose and treat his serious psychological problems. Indifference by prison officials to the serious medical needs of a prisoner may constitute "unnecessary and wanton infliction of pain" sufficient to state a violation of the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). However, where, as here, the prisoner's complaint merely involves a difference of opinion between the prisoner and his doctor regarding his diagnosis and treatment, no Eighth Amendment claim is stated. See id. at 106.
 
 
 10
 Nor has Hartsfield stated a First Amendment claim based upon either his placement upon modified grievance access or the amount of paper provided to him with which to prepare legal pleadings. Modified access to the grievance process does not deny Hartsfield the right or ability to seek redress for meritorious grievances; it merely requires that he obtain permission from the grievance coordinator to file a grievance. The right of access to the courts requires prison officials to ensure that inmates have access to the courts that is "adequate, effective and meaningful." Bounds v. Smith, 430 U.S. 817, 822 (1977). Meaningful access varies with the circumstances, and prison officials are to be accorded discretion in determining how that right is to be administered. Id. at 830-31. At the very least, prison officials must provide all inmates with paper and pen to draft legal documents, notarial services to authenticate the papers, and stamps to mail them. Id. at 828; Martucci v. Johnson, 944 F.2d 291, 295 (6th Cir.1991). However, the state is not required to provide the prisoner with unlimited access to the courts so that, e.g., courts have approved reasonable limitations on the number of stamps a prisoner may receive per month at state expense. See Gittens v. Sullivan, 848 F.2d 389, 390 (2d Cir.1988) (per curiam); Glick v. Lockhart, 769 F.2d 471, 472 (8th Cir.), cert. denied, 474 U.S. 997 (1985). It is undisputed that Hartsfield was given ten sheets of paper and five envelopes twice a week. Upon his request, Hartsfield was given additional paper to do his legal work. As his voluminous pleadings in this case demonstrate, Hartsfield has had access to substantial amounts of paper with which to prosecute his legal actions.
 
 
 11
 Hartsfield also complains that the district court failed to consider the inmate affidavits submitted by him or to address his conspiracy claim. Absent any indication in the magistrate judge's report and district court's opinion to the contrary, it is assumed that they did properly consider the entire record, including the statements submitted by Hartsfield. Finally, Hartsfield's vague allegations of a wide-ranging conspiracy are wholly conclusory and are, therefore, insufficient to state a claim or withstand a motion for summary judgment. See Mitchell v. Toledo Hosp., 964 F.2d 577, 584-85 (6th Cir.1992); McDonald v. Union Camp Corp., 898 F.2d 1155, 1162 (6th Cir.1990); Gutierrez v. Lynch, 826 F.2d 1534, 1538-39 (6th Cir.1987).
 
 
 12
 Accordingly, the motion for the appointment of counsel is denied. The district court's judgment, entered on March 29, 1995, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.