**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

UNITED STATES COURT OF APPEALS

**JAN 7 2000**

TENTH CIRCUIT

**PATRICK FISHER**
**Clerk**

JEFFREY S. COLLIER,

     Plaintiff-Appellant,

v.

MICHAEL A. NELSON, Warden, El
Dorado Correctional Facility,

     Defendant-Appellee.

No. 99-3000
(D.C. 98-3221-GTV)
(District of Kansas)

## ORDER AND JUDGMENT *

Before **SEYMOUR** , Chief Judge,  **BALDOCK** , and **HENRY** , Circuit Judges.

Jeffrey S. Collier, a prisoner incarcerated in a Kansas correctional facility proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983. He challenged the Kansas Department of Corrections's (KDOC's) inmate mail policy (as amended in January and April 1998) on two grounds, arguing: (1) the policy conflicted with a prior state court decision; and (2) the policy violated his

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

constitutional right of access to the courts. The district court dismissed Mr.

Collier's complaint for failure to state a claim pursuant to Fed. R. Civ. P.

12(b)(6). See Rec., doc. 12, at 1 (Order filed Dec. 17, 1998).

The policy challenged by Mr. Collier provides that inmates are responsible

for paying for postage on all domestic mailings unless they are indigent. Indigent

inmates are provided with postage for not more than four first class, one ounce

domestic letters per month.

However, the policy also states:

All postage for legal and official mail shall be paid by the inmate
regardless of indigent status. Credit for the mailing of legal and
official mail shall be given to inmates who do not have sufficient funds
in their inmate account. Such credit shall be deducted from the
inmate's funds when available.

. . . .

Credit for this postage shall not exceed twenty-five dollars
($25.00) at any given time without advance approval of the Warden or
designee.

See Rec., doc. 1 (Attach.) (Interdepartmental Memorandum, KDOC)

We review the district court's dismissal de novo. [1] See Mascheroni v.

Board of Regents of Univ. of Cal. , 28 F.3d 1554, 1560 (10th Cir. 1994). "A pro

---

[1] After examining the briefs and appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G).
The case is therefore ordered submitted without oral argument.

2

se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). We uphold a dismissal "only when it appears that the plaintiff can prove no set of facts in support of the claims that would entitle him to relief, accepting the well-pleaded allegations of the complaint as true and construing them in the light most favorable to the plaintiff." Yoder v. Honeywell, Inc., 104 F.3d 1215, 1224 (10th Cir. 1997).

Applying that standard, we conclude that the district court properly dismissed Mr. Collier's claim that the KDOC's inmate mail policy violated the order of a Kansas state court. In order to allege a valid § 1983 claim, a plaintiff must assert the deprivation, under color of law, of a right, privilege, or immunity secured by federal law. See Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970). Here, Mr. Collier has not alleged the denial of such a right, privilege, or immunity. Instead, he merely argues that the inmate mail policy violated the terms of the state court order. We agree with the district court that "any relief for the alleged violation of the state court order lies in the state and appellate courts and not in federal court." Rec., doc. 12, at 3 & n.2 (citing District of Columbia Ct. of Appeals v. Feldman, 460 U.S. 462, 482 (1983)).

Mr. Collier's claim that the Department of Corrections' policy violated his right of access to the courts is based on Bounds v. Smith, 430 U.S. 817 (1977).

3

There, the Supreme Court declared that [i]t is indisputable that indigent inmates must be provided at state expense with paper and pen to draft legal documents . . . and with stamps to mail them." Id. at 824-25. In Twyman v. Crisp, 584 F.2d 352, 359 (10th Cir. 1978), we concluded that this statement in Bounds should not be read to provide prisoners "with an unlimited right to free postage in connection with the right of access to the courts." We explained that "[r]easonable regulations are necessary to balance the rights of prisoners with budgetary considerations." Id. Other circuits have agreed that prison officials may place reasonable restrictions on the provision of free postage. See, e.g., Blaise v. Fenn, 48 F.3d 337, 340 (8th Cir. 1995) (noting that a state penitentiary "does not offer unlimited postage without a showing of special circumstances to the deputy warden, and is not required to do so by Bounds"); Chandler v. Coughlin, 763 F.2d 110, 114 (2d Cir. 1985) (concluding, "a state is entitled to adopt reasonable postage regulations in light of, for example, prison budgetary considerations").

In Lewis v. Casey, 518 U.S. 343, 350-52 (1996), the Supreme Court established an important limitation on claims of denial of access to the courts. It held that the plaintiff prisoner must show that prison officials' policies and practices have caused an actual injury:

> Because Bounds did not create an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant

4

actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense. That would be the precise analog of the healthy inmate claiming constitutional violation because of the inadequacy of the prison infirmary. Insofar as the right vindicated by Bounds is concerned, meaningful access to the courts is the touchstone, and the inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim. He might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known. Or that he had suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable even to file a complaint.

Id. at 351 (internal quotations and citations omitted).

Importantly, this actual injury requirement is not satisfied by the impairment of any legal claim. Id. at 354. Instead, "the tools [that Bounds] requires to be provided are those that inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement." Id. at 355. As the Court explained in Lewis, restrictions on the filing of other kinds of cases do not violate prisoners' constitutional right of access to the courts. Id. (noting "[i]mpairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration").

Here, Mr. Collier has not asserted that he suffered any actual injury under the challenged prison mail policy. Even in his initial motion for a preliminary

5

injunction, Mr. Collier asserted only that "the $25.00 limit is fast reaching its limit," and that "once I reach said limit I must have each legal letter approved prior to mailing." Rec., doc. 3, at 1. He has not asserted that because of this limit, he has been unable to file any necessary legal document, or that the limit has had any other effect on his ability to pursue any legal claim. Although there may well be instances in which $25.00 of postage is insufficient to pursue a legal claim, there is no indication in this record that this limit has infringed Mr. Collier's constitutional right of access to the courts. We, therefore, agree with the district court that Mr. Collier's allegations fail to state a claim upon which relief may be granted.

Therefore, the judgment of the district court is AFFIRMED.


Entered for the Court,


Robert H. Henry
Circuit Judge