**Jerry M. SMITH–EL, Plaintiff–Appellant,**

v.

**Jeff STEWARD, et al., Defendants–Appellees.**

No. 01–1287.

United States Court of Appeals, Sixth Circuit.

Feb. 6, 2002.

Before MARTIN, Chief Judge; GILMAN, Circuit Judge; and EDMUNDS, District Judge.[*]

## ORDER

Jerry M. Smith–El, a pro se Michigan prisoner, appeals the district court order granting summary judgment to the defen-

[*] The Honorable Nancy G. Edmunds, United States District Judge for the Eastern District of Michigan, sitting by designation.

dants in this civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief, Smith–El sued Mail Room Supervisor Jeff Steward (correct spelling is Stewart), Warden Terry Pitcher, and Assistant Deputy Warden Robert Forberg. Smith–El alleged that the defendants violated his First Amendment right of access to the courts when they refused to send his outgoing legal mail. Smith–El sued the defendants in their official and individual capacities. After a period of discovery, the defendants moved for summary judgment and Smith–El responded. The magistrate judge recommended granting the defendants' motion. The district court adopted the magistrate judge's report over Smith–El's objections.

In his timely appeal, Smith–El argues that: (1) he has a constitutional right to transmit legal correspondence to the courts uncensored; (2) he has a right to be present when his legal mail is inspected; (3) his status as an indigent does not give the defendants the right to inspect his legal mail outside of his presence; and (4) the defendants improperly relied on a new legal mail policy before its effective date.

Upon de novo review, we conclude that the district court properly granted summary judgment to the defendants. See Holloway v. Brush, 220 F.3d 767, 772 (6th Cir.2000). In his complaint, Smith–El alleged that Stewart delayed the filing of an appellate brief in this court, the filing of a motion to reconsider in a district court case, and a pleading in a case identified only as No. 96–85–110–AA. Under Michigan Department of Corrections (MDOC) prisoner mail policy, prisoners who have exhausted their monthly stamp allocation and lack funds to send mail to a court, attorney, or a party to a pending lawsuit are entitled to a postage loan. The policy requires prisoners to submit the mail unsealed so that it can be determined whether it is legal mail and whether there is a deadline imposed by a court, statute, or court rule. Smith–El submitted his legal mail in sealed envelopes, and Stewart returned them.

There were no issues of material fact and the defendants were entitled to a judgment as a matter of law. See Fed.R.Civ.P. 56(c). Although we agree with the district court's ultimate decision, we find it unnecessary to rule on the constitutionality of the MDOC mail policy. Accordingly, we affirm the district court's order on grounds other than those relied upon by the district court. See City Mgmt. Corp. v. U.S. Chem. Co., 43 F.3d 244, 251 (6th Cir.1994).

■ First, sovereign immunity bars a § 1983 suit for monetary damages against a prison official in his official capacity. See Jones v. Smith, 784 F.2d 149, 152 (2d Cir.1986); see also Will v. Michigan Dep't of State Police, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989); Wells v. Brown, 891 F.2d 591, 592 (6th Cir.1989). Smith–El's complaint requested only monetary relief, so his claims against the defendants in their official capacities are barred.

■ Second, the district court properly held that Smith–El had no claim against Pitcher and Forberg in their individual capacities. Section 1983 liability will not be imposed solely upon the basis of respondeat superior. See Taylor v. Michigan Dep't of Corr., 69 F.3d 76, 80–81 (6th Cir.1995). Smith–El presented no evidence that Pitcher or Forberg were directly involved in the decisions to return his outgoing legal mail, or that they condoned,

encouraged, or knowingly acquiesced in the alleged misconduct. *See id.; Walton v. City of Southfield,* 995 F.2d 1331, 1340 (6th Cir.1993). Accordingly, they cannot be liable to Smith–El.

■ Third, Stewart was entitled to qualified immunity. *See Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). In *Bell–Bey v. Williams,* 87 F.3d 832 (6th Cir.1996), this court addressed the constitutionality of the predecessor to the MDOC postage loan policy at issue in this case. The earlier policy was similar to the new policy but provided that the mail was to be inspected in the presence of the prisoner. The court held the policy constitutional, but specifically declined to address whether opening a prisoner's mail outside of his presence would be unconstitutional. *Id.* at 838–40. Because a reasonable officer in Stewart's position had no reason to believe that the new policy violated clearly established law, he is entitled to qualified immunity. *See Harlow,* 457 U.S. at 818.

■ Finally, we note that Smith–El fails to state a claim for interference with his access to the courts because he did not establish that he was prejudiced by Stewart's actions. The only way in which Smith–El claimed he was prejudiced was that a motion for reconsideration was denied in a district court case. The record in that case reveals that Smith–El's complaint was dismissed for failure to state a claim and that Smith–El raised no new arguments in his motion for reconsideration. Because the district court denied the motion both as untimely and on the merits, Smith–El was not prejudiced by Stewart's delay. Accordingly, Stewart was entitled to a judgment as a matter of law on Smith–El's access to the courts claim. *See Lewis v. Casey,* 518 U.S. 343, 351, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996).

For the foregoing reasons, we affirm the district court's order granting summary judgment to the defendants. Rule 34(j)(2)(C), Rules of the Sixth Circuit. All pending motions are denied.