**Stephen Edward LEWIS,**
**Plaintiff–Appellant,**

v.

**COOK COUNTY BOARD OF**
**COMMISSIONERS, et al.,**
**Defendants–Appellees.**

No. 99–3888.

United States Court of Appeals,
Seventh Circuit.

Submitted April 26, 2001.*

Decided April 26, 2001.

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before Hon. JOHN L. COFFEY, Hon. KENNETH F. RIPPLE, and Hon. TERENCE T. EVANS, Circuit Judges.

### ORDER

Stephen Edward Lewis, confined at Cook County Jail in Chicago, Illinois while awaiting trial, originally filed a pro se complaint under 42 U.S.C. § 1983 against several jail employees for opening legal mail outside of his presence. Mr. Lewis amended his original complaint twice, and the district court dismissed Mr. Lewis's second amended complaint, concluding that he still failed to allege sufficient legal detriment to present a viable claim of a denial of access to the courts. We affirm.

While incarcerated in Cook County Jail in 1997, Mr. Lewis claims that he received nine letters already opened even though each piece of mail was marked "Legal Mail–Open in Presence of Inmate." He

also contends that each letter bore the notation "open error" in the margin. Although he complained about these mistakes through the prison grievance process, the only response he claims to have received was a handwritten note from the "mail room clerk" that states there had been a large amount of mail coming through the office and that "[t]his incident will not be repeated."

These "open errors" continued, according to Mr. Lewis, and thus he filed a complaint in January 1998 against several employees of the Cook County Jail under § 1983, alleging multiple constitutional violations, including claims of deliberate indifference to his medical needs and the inadequacies of the prison library. Mr. Lewis subsequently filed a first amended complaint, naming seven prison officials and Superintendent Edwards as defendants. He served Superintendent Edwards but failed to serve the other seven defendants, who the district court then dismissed from this action. The district court subsequently dismissed the first amended complaint against Superintendent Edwards without prejudice because it failed to state a claim.

Mr. Lewis filed his second amended complaint in March 1999, claiming only the constitutional violations stemming from the opening of his legal mail against three defendants: the Cook County Board of Commissioners; Beatrice Goodwin, the supervisor of the County Jail Mail Room; and Jane Doe, unknown mail clerk in the Cook County Jail Mail Room. Mr. Lewis did not name Superintendent Edwards as a defendant in his second amended complaint. The district court determined that Mr. Lewis's second amended complaint failed to state a claim on which relief could be granted and dismissed the complaint. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The district court concluded that Mr. Lewis had not alleged any legal prejudice as a result of the opening of his legal mail and thus

could not state a claim for the denial of access to the courts.

■ We review de novo the district court's dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) of Mr. Lewis's second amended complaint. *See DeWalt v. Carter,* 224 F.3d 607, 611–12 (7th Cir.2000). We may affirm the dismissal on any ground contained in the record, *see Reed v. City of Chicago,* 77 F.3d 1049, 1051 (7th Cir.1996), and we also conclude that Mr. Lewis's second amended complaint failed to state a claim.

■ The district court properly dismissed Mr. Lewis's access to the courts claim. To state a claim for the denial of access to the courts, a plaintiff must plead an injury in addition to the simple denial of access to the courts. *See Lewis v. Casey,* 518 U.S. 343, 351, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996); *Nance v. Vieregge,* 147 F.3d 589, 591 (7th Cir.1998). A plaintiff need only allege that the "blockage prevented him from litigating a nonfrivolous case." *See Walters v. Edgar,* 163 F.3d 430, 434 (7th Cir.1998). Although Mr. Lewis's second amended complaint alleges that he suffered "chilling effects, stomach pains, insomnia, and fear at the denial of his right to attorney-client privilege and sanctity of the mails," he does not describe a single legal case or claim that was in any way thwarted because the mail room staff opened his legal mail. He attempts in his reply brief to allege that he possessed a nonfrivolous claim based on *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), but that claim was not presented to the district court and is therefore waived. *See Massey v. Helman,* 196 F.3d 727, 734 n. 4 (7th Cir.1999). Thus the district court properly concluded that Mr. Lewis failed to demonstrate a viable claim for denial of access to the courts.

■ Mr. Lewis also attempts to assert a First Amendment claim, which also fails.

Even accepting Mr. Lewis's assertion that nine pieces of his legal mail were opened outside his presence, he fails to allege that this was the result of a "content-based prison regulation or practice." *Rowe v. Shake,* 196 F.3d 778, 782 (7th Cir.1999). Furthermore, he does not allege that the mail room staff delayed or lost any of his legal mail and thus, their actions did not violate the First Amendment. *See id; cf. Antonelli v. Sheahan,* 81 F.3d 1422, 1431–32 (7th Cir.1996) (finding legal mail that was "delayed for an inordinate amount of time" and sometimes stolen was sufficient to state a First Amendment claim).

Finally Mr. Lewis raises in his brief claims allegedly arising under the Fourth, Sixth, Eighth, and Fourteenth Amendments but he failed to present these claims to the district court in his second amended complaint. Because he raises these issues for the first time on appeal, these claims are waived. *See Wollin v. Gondert,* 192 F.3d 616, 624 n. 7 (7th Cir.1999).

Accordingly, the judgment of the district court is AFFIRMED.