Joseph CORSETTI, Plaintiff–Appellant,

v.

Kenneth L. MCGINNIS;
et al., Defendants,

Kenneth Romanski; et al.,
Defendants–Appellees.

No. 00–1409.

United States Court of Appeals,
Sixth Circuit.

Aug. 7, 2001.

Before BOGGS, DAUGHTREY, and FARRIS,* Circuit Judges.

_____

* The Honorable Jerome Farris, United States Circuit Judge for the Ninth Circuit, sitting by

### ORDER

Joseph Corsetti, a Michigan prisoner proceeding pro se, appeals a district court judgment dismissing his civil rights action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Corsetti filed this action against the Michigan Department of Corrections ("MDOC") and multiple officials and employees of the MDOC and Kinross Correctional Facility ("KCF") alleging that the defendants violated his rights under the First, Fourth, Sixth, Eighth and Fourteenth Amendments. Specifically, Corsetti claims that: 1) his Fourth Amendment right to be free from unreasonable searches and seizures was violated when KCF staff repeatedly searched his cell and read his incoming mail at the direction of defendants Riordan and Haas; 2) he had "words" with defendant Ward, who gave Corsetti a direct order to "shut up;" 3) his Sixth Amendment right was violated by the defendants' denial of his request to have another inmate assist him with his lawsuits; 4) his Sixth Amendment right to counsel was violated by the defendants' denial of his requests to telephone his attorney regarding civil litigation; 5) the defendants denied him the ability to shower or to change clothes for eight days while Corsetti was on "no out of cell movement;" 6) he was denied access to nail clippers and was subjected to overcrowded conditions while in administrative segregation; 7) the defendants harassed him by repeatedly searching his cell and threatening him with false misconduct reports; 8) he was placed in administrative segrega-

designation.

tion and his security classification was increased without due process of law; 9) the defendants deprived him of his legal work, materials, books, and a briefcase, as well as two money orders, thereby violating his Fourteenth Amendment due process rights; 10) his legal mail was confiscated and he was issued a misconduct for disobeying a direct order and in retaliation for previously filed lawsuits and grievances against corrections officials; and 11) the defendants were deliberately indifferent to his need for prescribed ointment to maintain the cleanliness of his false eye and eye socket which resulted in pain and an infection that ultimately required surgery. Corsetti sued the defendants in their individual and official capacities and sought compensatory and punitive damages, as well as injunctive relief.

After an initial review, the district court dismissed all of Corsetti's claims as frivolous and for failing to state a claim pursuant to 28 U.S.C. § 1915A(b) and 42 U.S.C. § 1997e, except Corsetti's First Amendment claims regarding his legal mail and his access to the courts asserted against defendants Haas, Lightfoot, Rapelji, Guilmette, and Harwood, Corsetti's retaliation claims asserted against defendants Romanski, Riordan, McKee, Haas, Allen and Peliter, and Corsetti's Eighth Amendment claims against defendants Lightfoot, Peliter, Moon, and Rapelji.

Thereafter, the remaining defendants filed a motion for summary judgment. Magistrate Judge Greeley recommended that the defendants' motion for summary judgment be granted in all respects except as follows. He recommended that defendant Allen's motion for summary judgment be denied because there was a genuine issue of material fact with respect to Corsetti's claim that Allen retaliated against him by filing a bogus misconduct report. Additionally, Magistrate Judge Greeley recommended denial of the motion of defendants Haas, Rapelji and Lightfoot for summary judgment with respect to Corsetti's claim that they violated his First Amendment rights by reading legal materials in his cell. After reviewing the parties' objections, the district court granted summary judgment in favor of the defendants on all outstanding claims against defendants Haas, Lightfoot, Rapelji, Guilmette, Harwood, Romanowski, Riordan, McKee, Allen, Peliter, and Moon. This timely appeal followed.

■ We note that Corsetti's initial brief on appeal challenges only the grant of summary judgment. Corsetti's initial appellate brief does not contain a clear challenge to the dismissal of the claims pursuant to 28 U.S.C. § 1915A(b) or 42 U.S.C. § 1997e. Therefore, he has abandoned these claims for purposes of appellate review. See Kocsis v. Multi–Care Mgmt., Inc., 97 F.3d 876, 881 (6th Cir.1996); Enertech Elec., Inc. v. Mahoning County Commr's, 85 F.3d 257, 259 (6th Cir.1996). Corsetti does attempt to challenge the § 1915A and § 1997e ruling in his reply brief. However, this court does not consider issues which were raised in the district court yet raised for the first time on appeal in a party's reply brief. See United States v. Perkins, 994 F.2d 1184, 1191 (6th Cir.1993).

We review a district court's grant of summary judgment de novo. See Richardson v. Township of Brady, 218 F.3d 508, 512 (6th Cir.2000). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

■ Upon review, we affirm the judgment of the district court for the reasons

stated by that court. Corsetti cannot show an Eighth Amendment violation based upon the denial of medical attention. *See Wilson v. Seiter,* 501 U.S. 294, 297–300, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991); *Estelle v. Gamble,* 429 U.S. 97, 103–04, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Nor can Corsetti show a First Amendment violation based upon either his placement on modified grievance access or the reading of his legal mail and legal materials. Modified access to the grievance process does not deny Corsetti the right or ability to seek redress for meritorious grievances. Rather, it merely requires the prisoner to obtain permission from the grievance coordinator to file a grievance. *See Hartsfield v. Mayer,* No. 95–1411, 76 F.3d 378 (table), 1996 WL 43541, at *3 (6th Cir. Feb. 1, 1996) (unpublished). Regarding the alleged reading of Corsetti's legal mail and legal materials, Corsetti has not alleged, nor is there any evidence, that any papers were seized or that the defendants' reading of the papers caused actual injury or "hindered [his] efforts to pursue a legal claim." *Lewis v. Casey,* 518 U.S. 343, 351, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). Finally, Corsetti failed to establish the elements of his retaliation claims because either the acts that he alleged the defendants committed would not deter a person of ordinary firmness or he produced no evidence that the defendants were motivated to act against him because of his grievances or prior lawsuits. *See Thaddeus–X v. Blatter,* 175 F.3d 378, 394 (6th Cir.1999) (en banc).

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.