Jerry L. LEWIS, Plaintiff–Appellant,

v.

James GRIDER, Warden; Art Wooden, Case Worker; Steve Adwell, Unit Director; Michael Harris, Psychiatrist; Dr. Camacho, Defendants–Appellees.

No. 98–6239.

United States Court of Appeals, Sixth Circuit.

Aug. 9, 2001.

Before CLAY, GILMAN, and WALLACE,* Circuit Judges.

Jerry L. Lewis, a Kentucky prisoner, appeals pro se the dismissal of his civil rights complaint, filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary, declaratory, and injunctive relief, Lewis filed this action against a number of prison officials, complaining that he had not been properly classified; that he had been denied access to the courts in a number of ways, including disallowance of sufficient legal property, insufficient time in the law library, being unable to view the videotape of his trial, being required to allow prison staff to

* The Honorable J. Clifford Wallace, United States Circuit Judge for the Ninth Circuit, sitting by designation.

copy his legal documents, and having his legal mail opened; and that he was not receiving proper medication for his psychiatric problems and had been misdiagnosed as suffering from arthritis when he actually had lingering injuries from a beating by the police. The district court dismissed the complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1), concluding that Lewis had no liberty interest in his classification, had not alleged any prejudice to pending legal proceedings, and had not stated an Eighth Amendment claim based on his disagreement over his treatment.

On appeal, Lewis reasserts his claims of denial of access to the courts and inappropriate medical treatment. Upon de novo review, we conclude that this complaint was properly dismissed for failure to state a claim for the reasons stated by the district court. Accepting all of Lewis's factual allegations as true, no relief could be granted on his complaint. *See Sistrunk v. City of Strongsville,* 99 F.3d 194, 197 (6th Cir.1996).

The district court properly found that Lewis had not stated a claim with regard to his classification, because he had no liberty interest in classification, having alleged no atypical or significant hardship. *See Sandin v. Conner,* 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). Moreover, Lewis has abandoned this aspect of his complaint on appeal. *See McMurphy v. City of Flushing,* 802 F.2d 191, 198–99 (6th Cir.1986).

■ The district court also properly determined that Lewis failed to state a claim of access to the courts, as he alleged no prejudice to any pending litigation resulting from the numerous problems with legal access which he described. *See Lewis v. Casey,* 518 U.S. 343, 351–53, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996); *Pilgrim v. Littlefield,* 92 F.3d 413, 416 (6th Cir.1996).

■ Finally, the district court correctly dismissed the Eighth Amendment claim, because Lewis alleged only negligence in diagnosing and treating his psychiatric and physical problems, which is insufficient to state a claim. *See Farmer v. Brennan,* 511 U.S. 825, 835, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).

For all of the above reasons, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.