MERRITT, J., delivered the opinion of the court, in which COOK, J., joined. COLE, J. (pp. 771-75), delivered a separate opinion concurring in part and dissenting in part.
OPINION
MERRITT, Circuit Judge.
Aubrey Stanley, a pro se prisoner, appeals a District Court order entered under 28 U.S.C. § 1915(e)(2) dismissing as failing to state a claim his civil rights complaint filed pursuant to 42 U.S.C. § 1983. Stanley claims as a federal constitutional violation the conduct of prison guard, Vining, who allegedly read his “legal mail” in his presence at his prison cell on October 11, 2007, and October 29, 2007, in violation of Michigan Department of Corrections Policy Directive 05.03.188 which he claims prohibits any reading of a prisoner’s “legal mail.” He also alleges as a federal constitutional violation that after an exchange of angry words, the guard issued a prison misconduct charge against him, the disposition of which is not described. Section 1983 — a Reconstruction statute adopted in 1871 — requires that a complaint, in order to state a cognizable claim, must allege “a deprivation of any rights, privileges, or immunities secured by the [federal] Constitution and laws.” 42 U.S.C. § 1983.
It has long been established that the violation of a state statute or regulation is insufficient alone to make a claim cognizable under § 1983. Even when a state prisoner is attempting to allege a due process violation for random and unauthorized acts of guards, he must allege the deprivation of a property or liberty interest for which there is no reasonable state remedy provided to correct the deprivation. See Parratt v. Taylor, 451 U.S. 527, 538, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), overruled on other grounds by Daniels v. Williams, 474 U.S. 327, 329, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); Hudson v. Palmer, 468 U.S. 517, 530-36, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984). No such procedural due process violation is stated here. It is true that Stanley has a liberty interest in receiving his mail. See Procunier v. Martinez, 416 U.S. 396, 428, 94 S.Ct. 1800, 40 L.Ed.2d 224 (1974), overruled on other grounds by Thornburgh v. Abbott, 490 U.S. 401, 109 S.Ct. 1874, 104 L.Ed.2d 459 (1989) (“[t]he interests of prisoners and their correspondents in uncensored communications by letter, grounded as it is in the First Amendment, is plainly a ‘liberty’ interest. ...”). But Stanley received a hearing as a part of the prison grievance procedure. The hearing officer ruled against Stanley finding that the prison guard had *770 not read his mail in violation of prison policy. Thus, the defendants have provided Stanley with a post-deprivation hearing and have not violated procedural due process.
As to the possibility of a cognizable substantive due process claim under the First Amendment for denial of access to the courts by interfering with his “legal mail,” the prisoner here does not allege that the guard’s conduct in any way affected his access to the courts. See Pilgrim v. Littlefield, 92 F.3d 413, 416 (6th Cir.1996) (“In order to state a claim for denial of meaningful access to the courts, however, plaintiffs must plead and prove prejudice stemming from the asserted violation.”); Lewis v. Grider, 27 Fed.Appx. 282, 283 (6th Cir.2001) (prisoner’s claim for interference with access to courts through opening legal mail failed “as he alleged no prejudice to any pending litigation”); see also Lewis v. Cook County Bd. of Com’rs, 6 Fed.Appx. 428, 430 (7th Cir.2001) (plaintiff could not prevail when he did “not describe a single legal case or claim that was in any way thwarted because the mail room staff opened his legal mail.”). Although Stanley has a First Amendment right to be free from unreasonable mail censorship, he has no First Amendment right that prevents a guard from opening his mail in his presence and reading it with an eye to determining if illegal conduct is afoot. The law has not “established that ... reading [properly marked legal mail] in inmates’ presence violates constitutional rights in and of itself.” Lavado v. Keohane, 992 F.2d 601, 609 (6th Cir.1993). There must be some allegation that the prison official’s conduct amounted to denial of access to the courts or some form of censorship of speech. See Corsetti v. McGinnis, 24 Fed.Appx. 238, 241 (6th Cir.2001) (“Regarding the alleged reading of Corsetti’s legal mail and legal materials, Corsetti has not alleged, nor is there any evidence, that any papers were seized or that the defendants’ reading of the papers caused actual injury or ‘hindered his efforts to pursue a legal claim.’” (quoting Lewis v. Casey, 518 U.S. 343, 351, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996))); see also Wardell v. Duncan, 470 F.3d 954, 959 (10th Cir.2006) (“A plaintiff must show that non-delivery of his legal mail resulted in actual injury by frustrating, impeding, or hindering his efforts to pursue a legal claim.”) (internal quotation marks and citations omitted). There are no such allegations here.
 As to the possibility of a cognizable claim under the Sixth Amendment for the deprivation of the right to counsel through the guard’s interference with his “legal mail,” the prisoner does not allege that the guard’s conduct created any barrier to the prisoner’s relationship with counsel. Indeed, there is no allegation that any of the mail read by the prison guard was mail from his lawyer or in any way pertained to legal representation. In order to state a § 1983 cognizable claim for deprivation of right to counsel, there must be some allegation indicating an interference with the prisoner’s relationship with counsel. In order to state such a claim there must be something more than an allegation that a guard “read” his “legal mail” in his presence and that he was offended or believed this act to be a violation of a state prison regulation. See Wolff v. McDonnell, 418 U.S. 539, 576-77, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974) (“As to the Sixth Amendment, its reach is only to protect the attorney-client relationship from intrusion in the criminal setting ...”).
Neither does the allegation that the prison guard issued a misconduct charge against the prisoner over their “legal mail” dispute rise to the level of a valid § 1983 claim. There is no allegation that the charge interfered in any way with *771 rights under the Due Process or Access to Courts or Right to Counsel constitutional provisions. No facts or theories are stated from which we can devise a plausible constitutional claim. Indeed, we are not even told what the disposition of the charge was, although, as heretofore stated, Stanley received a post-deprivation grievance hearing which satisfied his right to procedural due process arising from his liberty interest in receiving his mail.
We understand that a pro se prisoner is unlikely to understand the complexity of federal law regarding prisoner rights, and hence we read a prisoner’s complaint liberally. Cf. Franklin v. Rose, 765 F.2d 82, 85 (6th Cir.1985) (“The appropriate liberal construction requires active interpretation in some cases ... ”). Having done so in this case, we are unable to derive from the complaint any set of facts or legal theory that would give rise to a valid, federal, § 1983 cause of action. Although Stanley does not specify with clarity what constitutional provisions — Due Process, First Amendment, or Sixth Amendment — -his claims rest on, we have treated his allegations under all reasonable theories we can imagine. Our dissenting colleague melds together and confuses several theories and comes up with a theory that seems to depend on local differences in how prisons internally interpret a wide variety of regulations from state to state. Our ruling here is that there must be uniform federal constitutional theory from state to state as to each constitutional provision and that no constitutional provision flatly prohibits as unlawful censorship a prison from opening and reading a prisoner’s mail unless it can be shown that the conduct interferes with the prisoner’s right to counsel or access to the courts or violates his rights of equal protection or procedural due process. We find no per se constitutional rule that such conduct automatically violates a broad, general rule prohibiting censorship, as our dissenting colleague seems to imagine.
Accordingly, the judgment of the District Court is affirmed.
CONCURRING IN PART AND DISSENTING IN PART