**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 19, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

CHRISTOPHER DANIEL KEMMERLY,

    Plaintiff - Appellant,

v.

BRADEN HILL, Deputy, Sedgwick
County Sheriff's Department; JAMES
ROBBINS, Deputy, Sedgwick County
Sheriff's Department; BRIAN BALL,
Sergeant, Sedgwick County Sheriff's
Department; BRIAN WHITE, Colonel,
Sedgwick County Sheriff's Department;
JEREMY WOODSON, Lieutenant,
Sedgwick County Sheriff's Department;
FABIOLA TORRES, Sergeant, Sedgwick
County Sheriff's Department; MICHAEL
EBNER, JR., Corporal, Sedgwick County
Sheriff's Department; TIMOTHY LINN,
Deputy, Sedgwick County Sheriff's
Department; VINCENT BREIT, Deputy,
Sedgwick County Sheriff's Department;
BLAKE SWANSON, Deputy, Sedgwick
County Sheriff's Department; TONY
LOSAVIO, Deputy, Sedgwick County
Sheriff's Department; ALAN NYE,
Deputy, Sedgwick County Sheriff's
Department; JEFF EASTER, Sheriff,
Sedgwick County Sheriff's Department;
JARED SCHECHTER, Captain, Sedgwick
County Sheriff's Department; JEROME
HAYES, Sergeant, Sedgwick County
Sheriff's Department; JAMES ROHR,
Sergeant, Sedgwick County Sheriff's
Department; HENRY TONG, Deputy,
Sedgwick County Sheriff's Department;

No. 20-3028
(D.C. No. 5:19-CV-03086-SAC)
(D. Kan.)

JUSTIN WILLIAMS, Deputy, Sedgwick County Sheriff's Department; CODY MALEY, Deputy, Sedgwick County Sheriff's Department; DAVID MELENDEZ; VICTOR MAXIMER, Deputy, Sedgwick County Sheriff's Department; STEVEN COOK, Deputy, Sedgwick County Sheriff's Department; HUNTER THISSEN, Deputy, Sedgwick County Sheriff's Department; TRAVIS (LNU), Wellpath Medical; MICHELE (LNU), Wellpath Mental Health; MONICA (LNU); AUDREY CRAFT, Deputy, Sedgwick County Sheriff's Department; KAYLA DOWNS, Deputy, Sedgwick County Sheriff's Department; JAMES HARROD, JR., Deputy, Sedgwick County Sheriff's Department; TONI PARKER, Corporal, Sedgwick County Sheriff's Department; PAULA SMITH, Lieutenant, Sedgwick County Sheriff's Department; (FNU) SUELLENTROP, Deputy, Sedgwick County Sheriff's Department; (FNU) FINLEY, Deputy, Sedgwick County Sheriff's Department; (FNU) NICE, Deputy, Sedgwick County Sheriff's Department,

     Defendants - Appellees.

—————————————————————

**ORDER AND JUDGMENT**[*]

—————————————————————

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Before **MATHESON**, **KELLY**, and **EID**, Circuit Judges.

_____

Christopher Kemmerly, a Kansas pretrial detainee proceeding pro se, sued several Sedgwick County Adult Detention Facility ("SCADF") officials under 42 U.S.C. § 1983 for money damages in the United States District Court for the District of Kansas. The district court dismissed his amended complaint under 28 U.S.C. § 1915(e), concluding he did not state a claim for relief, and denied his motion for reconsideration. It also denied his motion to appoint counsel.

Mr. Kemmerly appeals the district court's dismissal of his amended complaint and denial of his motion to appoint counsel. He does not appeal the denial of his motion for reconsideration. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the district court.

## I. **BACKGROUND**

In reviewing dismissal of a complaint, we accept the complaint's allegations as true and draw all reasonable inferences in favor of the claimant. *See Mayfield v. Bethards*, 826 F.3d 1252, 1258 (10th Cir. 2016); *Jamerson v. Heimgartner*, 752 F. App'x 557, 559 (10th Cir. 2018) (unpublished).[1]

---

[1] Although not precedential, we find the reasoning of the unpublished opinions cited in this order and judgment instructive. *See* 10th Cir. R. 32.1 ("Unpublished decisions are not precedential, but may be cited for their persuasive value."); *see also* Fed. R. App. P. 32.1.

A. *Factual Background*[2]

Mr. Kemmerly is incarcerated in the SCADF in Wichita, Kansas. His claims arise from events that began after a fellow inmate, Joshua Moore, committed suicide.

### 1. Mr. Moore's Suicide

On March 15, 2019, Mr. Moore confided in Mr. Kemmerly that he was "contemplating suicide." ROA at 24 (quotations omitted). Mr. Kemmerly offered Mr. Moore advice. After their conversation, Mr. Moore returned to his cell and killed himself. Later that day, Mr. Kemmerly told Deputy Braden Hill to check on Mr. Moore because "he was talking crazy earlier." *Id.* at 25 (quotations omitted). Deputy Hill told Mr. Kemmerly, "Both your neighbors are fine." *Id.* Mr. Kemmerly later found Mr. Moore dead in his cell doorway.

### 2. Aftermath of Mr. Moore's Suicide

The next day, Deputy James Robbins suggested to Mr. Kemmerly that Mr. Moore's death was his fault because he had not alerted officers that Mr. Moore was contemplating suicide. This prompted Mr. Kemmerly to write down the events that

---

[2] For this factual background and to recount Mr. Kemmerly's story, we draw facts from Mr. Kemmerly's original complaint that were not included in the amended complaint, as the district court did. *See* ROA at 78; *see also id.* at 53-55. Our later analysis of the district court's dismissal is based on the amended complaint, which is the operative complaint for this appeal.

led to Mr. Moore's death in a 24-page events record ("the Record"). He also wrote to his attorney, Stephen Monk, "on the matter." *Id.* at 30.[3]

On March 20, officers searched Mr. Kemmerly's cell, where he had hidden the Record. When he attempted to exit his cell, he was "slammed onto [his] bunk by defendant Deputy Justin Williams." *Id.* at 31. Mr. Kemmerly was disciplined for having "contraband." *Id.* He contends he was disciplined for writing the Record and "attempt[ing] to speak out to news media" about detention officers' negligence. *Id.*[4]

On March 21 or 22, Mr. Kemmerly mailed the Record to the KAKE-TV news station ("KAKE"), "outlining the events that lead [sic] up to Mr. Moore's death, about the negligence of Officer Hill." *Id.* at 14; *see also id.* at 31, 76. He had inmate Nathan Gibson hold up the letter so surveillance cameras would record that it was put into SCADF's mailbox. In the letter, Mr. Kemmerly asked KAKE to air a segment on Mr. Moore's suicide and the abuse at SCADF. KAKE did not do so. Mr. Kemmerly believes KAKE never received the letter because officers seized it.

On March 25, attorney Monk attempted to visit Mr. Kemmerly, but was denied access. *Id.* at 30; *see id.* at 76. Mr. Monk then visited Mr. Kemmerly on March 26. *Id.* at 30. From April 8 to 18, officers did not allow Mr. Kemmerly to send a message to Mr. Monk. *Id.* at 32.

---

[3] Mr. Kemmerly alleged Mr. Monk was his attorney in a "Better Business Bureau claim against [his] bank, and he is acting as a secondary on [his] criminal charges." ROA at 32.

[4] It is not clear from the record if deputies found the Record.

On April 22, Deputies Audrey Craft and Tiffany Nice entered Mr. Kemmerly's cell. Deputy Craft read his legal documents. *Id.* at 31, 72, 77. Mr. Kemmerly alleged he punched what he referred to as the "deputy . . . control booth" outside his cell and broke his left hand. *Id.* at 14, 31. Deputy Williams then stepped toward him and "proce[e]ded to push" Mr. Kemmerly. *Id.* at 31.

### 3. Allegations of Abusive Officers and Poor Living Conditions

Mr. Kemmerly alleged abuse and poor living conditions in SCADF. His amended complaint described physical and psychological abuse, including officers "yanking a man's head around," *id.* at 14, tasing inmates, *id.* at 15, and attacking inmates for seeking mental health assistance, *id.* He further alleged that officers' failure to perform required welfare checks allowed Mr. Moore to kill himself.

The alleged poor living conditions included overcrowding, no outdoor recreation time, continuous lockdowns, standing water creating mildew and attracting bugs in the shower, layers of food crusted on tables, no cleaning chemicals, piles of mice excrements, excessively hot temperatures, watered down food, and torn up bed mattresses. *Id.* at 16-20. Mr. Kemmerly noted that "harsh white/yellow fluorescent lights" were left on all day, allowing only "6 hours and 45 minutes of sleep" at night. *Id.* at 20.

### B. *Procedural History*

### 1. Original Complaint

Mr. Kemmerly sued officials at SCADF under 42 U.S.C. § 1983, claiming they violated his (1) First Amendment right to a free press by seizing his letter to KAKE,

6

(2) Fourth Amendment rights by seizing his outgoing mail, (3) Eighth Amendment rights by subjecting him and other inmates to cruel and unusual punishment, and (4) Fifth and Fourteenth Amendment due process rights by denying his right to an attorney and access to the courts. He also asserted generalized claims about officers' abuse and the poor living conditions in SCADF. He sought $10 million from each defendant for damages and reimbursement for expenses.

The district court ordered Mr. Kemmerly to show cause why his complaint should not be dismissed under 28 U.S.C. § 1915(e). It said Mr. Kemmerly failed to state a claim regarding the alleged seizure of his outgoing mail because he made only a "bald conclusion that his letter must have been seized." *Id.* at 57. It also ruled that Mr. Kemmerly's allegations on behalf of other inmates and the general inmate population must be dismissed for lack of standing.

The court further found Mr. Kemmerly failed to allege how each of the defendants personally participated in the deprivation of his constitutional rights. It noted 42 U.S.C. § 1997e(e) barred Mr. Kemmerly's request for compensatory damages because he failed to allege a physical injury. The court invited Mr. Kemmerly to file an amended complaint to remedy these issues.

## 2. Amended Complaint and New Motions

Mr. Kemmerly filed an amended complaint, outlining similar claims and facts. *See* ROA at 64-69. He attached affidavits from nine inmates, whom he described as "co-plaintiffs," *id.* at 70-75, an "Application for Appointment of Counsel," Dist. Ct.

7

Doc. 10, a "Motion Outlining Facts and Showing Cause," ROA at 76-77, and a "Motion to Equally Dispense Filing Fee by Adding Co-Plaintiffs," Dist. Ct. Doc. 12.

The district court dismissed Mr. Kemmerly's amended complaint under 28 U.S.C. § 1915(e) for failure to address the deficiencies in his original complaint and for failure to state a valid claim for relief. It also denied his motion to appoint counsel.

Mr. Kemmerly filed a "Motion to Reconsider." ROA at 85. The district court denied it because he failed to "meet the exacting standard for relief under" Federal Rule of Civil Procedure 59(e). *Id.* at 97.

## II. **DISCUSSION**

On appeal, Mr. Kemmerly argues the district court erred by (1) dismissing his amended complaint for failure to state a claim, and (2) denying his motion to appoint counsel.[5]

### A. *Failure to State a Claim*[6]

We affirm the district court's dismissal of Mr. Kemmerly's claims.

---

[5] On appeal, Mr. Kemmerly does not address various motions he filed in district court, including a "Motion to Equally Dispense Filing Fee by Adding Co-Plaintiffs" and a "Motion to Reconsider" under Federal Rule of Civil Procedure 59(e). We therefore regard those matters as abandoned or waived. We consider his "Motion Outlining Facts and Showing Cause" as part of his amended complaint, as the district court did.

[6] Mr. Kemmerly waived or abandoned several arguments on appeal.
First, although he briefly mentions in his appellate brief that his amended complaint outlines a "Fourth Amendment illegal seizure violation" (Count II), Mr. Kemmerly does not argue any facts or law to support this allegation on appeal, *see* Aplt. Br. at 8, or in his amended complaint, *see* ROA at 67.

1. **Standard of Review and Legal Background**

"We review de novo a district court's sua sponte dismissal of a complaint under 28 U.S.C. § 1915(e) for failure to state a claim, applying the same standard that we employ for dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(6)." *Jamerson*, 752 F. App'x at 561-62; *see Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* (quotations omitted).

In assessing a complaint's plausibility, "we accept the facts alleged in the complaint as true and view them in the light most favorable to the plaintiff."

---

Second, Mr. Kemmerly mentions his "Fifth . . . and Fourteenth [Amendment] due process [right] in a proper disciplinary hearing" in his appellate brief, but does not provide any facts or arguments supporting this claim. *See* Aplt. Br. at 8.

Third, he also mentions a First and Sixth Amendment "right to access the courts by and thru legal assistance." *Id.* This argument is waived for failure to provide any facts or arguments. *See Stanley v. Vining*, 602 F.3d 767, 770 (6th Cir. 2010) (noting prisoner must allege that a prison guard's interference with his legal mail "created a[] barrier to the prisoner's relationship with counsel" to raise "a cognizable claim under the Sixth Amendment").

9

*Mayfield*, 826 F.3d at 1255.  "Because Mr. [Kemmerly] is proceeding pro se, we construe his filings liberally."  *Jamerson*, 752 F. App'x at 562; *see Erickson v. Parus*, 551 U.S. 89, 94 (2007).  "[T]his rule of liberal construction stops, however, at the point at which we begin to serve as his advocate."  *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009).

2.  **Analysis**

   a.  *Count I:  First Amendment claim*

We affirm the district court's dismissal of Mr. Kemmerly's First Amendment claim that SCADF officials violated his right to communicate with the media.  He suggests that KAKE never received the Record he sent because officers seized his outgoing mail.

The district court determined that Mr. Kemmerly's "bald conclusion that his letter must have been seized is not supported by factual allegations."  ROA at 57; *see id.* at 80.  We agree.  Mr. Kemmerly alleged no specific facts to show KAKE never received the letter.  Nor did he provide any facts showing SCADF officers prevented the letter from reaching KAKE.  He has not "state[d] a claim to relief that is plausible on its face."  *Iqbal*, 556 U.S. at 678 (quotations omitted).

   b.  *Count III:  Eighth Amendment claims*

Mr. Kemmerly attempted to allege Eighth Amendment claims for (a) excessive use of force, and (b) cruel and unusual punishment.  Although Mr. Kemmerly argues his Eighth Amendment rights were violated, the Fourteenth Amendment, not Eighth

10

Amendment, applies to pretrial detainees. *See Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2475 (2015); *Blackmon v. Sutton*, 734 F.3d 1237, 1241 (10th Cir. 2013).

      i.  <u>Excessive use of force</u>

The Fourteenth Amendment "Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment." *Kingsley*, 135 S. Ct. at 2473 (quotations omitted). "[A] pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." *Id.*

Mr. Kemmerly attempted to assert two excessive force claims in his amended complaint, alleging he "was battered on [March 20] and assaulted on [April 22]." ROA at 67. The district court said Mr. Kemmerly "makes the bald allegation that he was assaulted and battered on March 20, 2019[,] and April 22, 2019," but "fails to allege any facts in support of these allegations." *Id.* at 80. The court determined Mr. Kemmerly "failed to name a defendant responsible and has failed to state a plausible claim for relief." *Id.*

Although Mr. Kemmerly named Deputy Williams as assaulting him at least once in his amended complaint, *see id.* at 77, he did not provide sufficient facts to show "that the force purposefully or knowingly used against him was objectively unreasonable." *Kingsley*, 576 U.S. at 389. Mr. Kemmerly therefore failed to state a claim for excessive use of force. *See Iqbal*, 556 U.S. at 678.

## ii. Cruel and unusual punishment

### 1) Allegations about Mr. Kemmerly

Mr. Kemmerly alleged that SCADF officers violated his rights by disregarding his physical and mental well-being. ROA at 67. He also alleged that his "[f]inding a fellow inmate dead has been psychologically torturous to [his] emotional/mental peace of mind." *Id.* The district court found Mr. Kemmerly "failed to allege how each of the defendants personally participated in the deprivation of his constitutional rights." *Id.* at 58, 79. We agree.

Mr. Kemmerly's amended complaint failed to show how any of the defendants personally disregarded his physical and mental well-being at SCADF. *See Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006) ("In order for liability to arise under § 1983, a defendant's direct personal liability for the claimed deprivation of a constitutional right must be established."); *Olson v. Stotts*, 9 F.3d 1475, 1477 (10th Cir. 1993) (noting a "defendant cannot be liable under § 1983 unless personally involved in the deprivation"). We therefore affirm the district court's dismissal of this claim.[7]

---

[7] Although Mr. Kemmerly named Deputy Robbins in his original complaint, he failed to do so in his amended complaint. Even if we consider the original complaint, it failed to show how Deputy Robbins's alleged statements were "sufficiently serious" to rise to an Eighth or Fourteenth Amendment violation. *See Tafoya v. Salazar*, 516 F.3d 912, 916 (10th Cir. 2008) (noting "the alleged injury or deprivation must be sufficiently serious" to "impose constitutional liability on prison officials").

2)  Allegations about other inmates

Mr. Kemmerly alleged that SCADF officers allowed an inmate to die and subjected other pretrial detainees to physical and psychological abuse.  The district court held that Mr. Kemmerly lacked standing to pursue his "allegations about experiences of other inmates and claims on behalf of the inmate population in general."  ROA at 57-58.

We affirm the dismissal of Mr. Kemmerly's generalized claims.  As the district court noted, Mr. Kemmerly "lacks standing to attempt to re-regulate the entire [SCADF] system, or to sue directly or indirectly on behalf of anyone but himself." *Whitington v. Ortiz*, 307 F. App'x 179, 191 (10th Cir. 2009) (unpublished); *see Lewis v. Casey*, 518 U.S. 343, 355 (1996).

c.  *Count IV:  Fourteenth Amendment due process claim*

Mr. Kemmerly alleged he was denied a visit with his attorney on March 25, and that Deputies Craft and Nice violated his rights by reading his legal papers.  He claimed that these actions denied him access to the courts in violation of his due process rights.

"[I]nmates must have a reasonable opportunity to seek and receive the assistance of attorneys." *Procunier v. Martinez*, 416 U.S. 396, 419 (1974), *overruled in part on other grounds by Thornburgh v. Abbott*, 490 U.S. 401 (1989).  "The extent to which that right is burdened by a particular regulation or practice must be weighed against the legitimate interests of penal administration and the proper regard that judges should give to the expertise and discretionary authority of correctional

13

officials." *Id*. at 420. Moreover, "[t]o state a claim for denial of [the] right [of access to courts], [Mr. Kemmerly] must show that any denial or delay of access to the court prejudiced him in pursuing litigation." *Trujillo*, 465 F.3d at 1226 (quotations omitted).

The district court determined that Mr. Kemmerly "ha[d] failed to name a defendant responsible and ha[d] failed to state a plausible claim for relief." ROA at 80. Although he alleged that he was not allowed to meet with his attorney at SCADF on March 25, he noted in his original complaint that his attorney visited him on March 26. *See id.* at 30.[8] Further, he did not name a defendant in his amended complaint who participated in this March 25 incident, *see id.* at 68, 76, nor has he alleged facts to show that that incident or the actions of Deputies Craft and Nice prejudiced his access to the courts.[9]

Mr. Kemmerly also has not sufficiently shown in his amended complaint how any delays in accessing the courts prejudiced him in pursuing litigation. *See* ROA

---

[8] In his original complaint, Mr. Kemmerly alleged officials denied him access to his attorney in April, naming Captain Jared Schechter, Lieutenant Paula Smith, and Corporals Michael Ebner, Jr., and Toni Parker. ROA at 32. His amended complaint does not contain any allegations about April. Even if we consider the original complaint, he failed to show prejudice.

[9] Mr. Kemmerly also argues Deputies Craft and Nice violated the Freedom of Information Act and his attorney-client privilege by reading his legal work. *See* Aplt. Br. at 6-7. It is not clear how the Freedom of Information Act applies. Although Mr. Kemmerly briefly mentions in his amended complaint a "Privacy Act" and attorney-client privilege, ROA at 68, and notes that "Deputies Craft and Nice read [his] legal work," *id.* at 77, he failed to show how he suffered a violation of a federal right under § 1983 and therefore failed to state a claim.

at 68. We therefore affirm because Mr. Kemmerly failed to state a claim of denial of access to his attorney or to the courts.[10]

## B. *Motion to Appoint Counsel*

We affirm the district court's denial of Mr. Kemmerly's motion to appoint counsel. He sought counsel for a potential class action, suggesting in district court "that nine other inmates signed a document to join as co-plaintiffs, each of them suffering 'psychological damage.'" *Id.* at 81. On appeal, Mr. Kemmerly reiterates his desire to have appointed counsel investigate his claims. Aplt. Br. at 12.

We review the denial of a motion to appoint counsel for abuse of discretion. *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006); *Jamerson*, 752 F. App'x at 561. "We consider: (1) the merits of the claims, (2) the factual issues, (3) the

---

[10] The district court determined that 42 U.S.C. § 1997e(e) barred Mr. Kemmerly's request for compensatory damages "because [he] has failed to allege a physical injury." *Id.* at 59; *see id.* at 81 (noting Mr. Kemmerly "failed to cure this deficiency"). On appeal, Mr. Kemmerly reiterates that he seeks damages. Aplt. Br. at 12; *see* ROA at 36.

Section 1997e(e) limits recovery for "a prisoner confined in a jail, prison, or other correctional facility." 42 U.S.C. § 1997e(e). It provides that "[n]o federal civil action may be brought by a prisoner . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury . . . ." *Id.*

As previously described, Mr. Kemmerly alleged two incidents where he may have suffered a physical injury. If Mr. Kemmerly's excessive use of force claims had survived dismissal, he might have been able to seek damages. Because his excessive use of force claims do not survive, we therefore affirm the district court.

On appeal, Mr. Kemmerly also seeks injunctive relief. *See* Aplt. Br. at 12. Because he did not request injunctive relief in his amended complaint, he has waived a request for such relief, and we do not consider it on appeal.

litigant's ability to present the claims, and (4) the complexity of the legal issues."

*Jamerson*, 752 F. App'x at 561; *see Steffey*, 461 F.3d at 1224.

Although the district court here did not address every factor, it "concluded that [Mr. Kemmerly] has not asserted a colorable claim against a named defendant; this action is not a class action; no other plaintiffs have moved to join this action; and [he] is not entitled to the appointment of counsel in a civil case." ROA at 81. We have reviewed the record and find no abuse of discretion in the district court's denial of the motion.

## III. **CONCLUSION**

We affirm the district court's dismissal of Mr. Kemmerly's amended complaint and its denial of his motion to appoint counsel. We grant Mr. Kemmerly's request to proceed *in forma pauperis* and remind him of his obligation to make payments toward his filing fee.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge

16